LUKE MASON *v.* JAMES OSGOOD.

Where a defendant appealed to this Court, and made out a statement of the case, to which the plaintiff did not agree; and the presiding Judge being notified of the disagreement, appointed a day to settle the case of which the parties had notice, but before he did settle the case, his term of office expired, and no case was sent up: *Held,* the only remedy for the defendant is a new trial.

(The preceding case of *Isler* v. *Haddock,* cited and approved.)

This was originally a PETITION for a *Certiorari,* decided at the last (June) Term of this Court, see 71 N. C. Rep. 212.

The writ then prayed for by defendant, was ordered to issue to Judge CLARKE, of the Court below, who went out of office before he obeyed the mandate of the Court.

The remaining facts are stated fully in the opinion of the Court.

*Hubbard* and *Lehman,* for petitioner.
*Haughton,* and *Smith & Strong,* for the plaintiff.

READE, J. The defendant appealed and regularly made out a statement of the case for this Court, to which the plaintiff did not agree, and the Judge, being notified of the disagreement, appointed a day to settle the case, and notified the parties; but before he settled the case his term of office expired, and so no case was sent up. The appellant moves in this Court for a new trial. And this seems to be the only remedy. This is supported by *Isler* v. *Haddock*, at this term, *ante* 119, and by the cases there cited.

There is error.

PER CURIAM. *Venire de novo.*