M. J. SIMONTON v. R. SIMONTON, Executrix.

*Practice—New  Trial.*

Where the judge who presided at a trial, goes out of office without ma-
king up a case of appeal, and the appellant is in no default, a new trial
will be awarded.

(*Adams* v. *Reeves*, 74 N. C., 106 ; *Mason* v. *Osgood*, 72 N. C., 120; *Isler*
v. *Haddock*, *ibid*, 119, cited and approved.)

CIVIL ACTION tried at fall term, 1877, of IREDELL supe-
rior court, before *Cloud, J.*

*Mr. R. F. Armfield*, for plaintiff.
*Messrs. M. L. McCorkle* and *G. N. Folk*, for defendant.

SMITH, C. J.   The transcript of the record in this appeal
was filed at January  term, 1878, containing  no concise
statement of the case as prescribed in  the Code, § 301.   It
appears by affidavit that the counsel of the parties were un-
able to agree upon a case and sent their respective statements
to the judge, who presided at the trial, to settle it.   This has
not been done as appears from  the return to the writ of
certiorari issued by order of the court, and the judge has
gone out of office.   If this omission were the fault of the
appellant, his appeal would be dismissed.   *Adams* v. *Reeves*,
74 N. C., 106.   But as it is not, in accordance with the prac-
tice in this court a new trial must be awarded.   *Mason* v.

*Osgood,* 72 N. C., 120 ; *Isler* v. *Haddock, ibid,* 119. And it is so ordered.

PER CURIAM.　　　　　　　　　　　　Order accordingly