A. C. SANDERS v. J. A. NORRIS.

*New Trial—Lost Papers.*

Where the papers in the case and the notes of the trial of an action have been lost or mislaid, the only mode by which justice can be had is to

grant a new trial, if it appear that the party seeking it has been guilty of no laches. (See same case, *ante*, 4.)

(*Isler* v. *Haddock*, 72 N. C., 119; *Mason* v. *Osgood, Id.*, 120; *Simonton* v. *Simonton*, 80 N. C., 7; *State* v. *Powers*, 3 Hawks, 376, cited and approved.)

PETITION for *Certiorari* granted at January Term, 1880, of THE SUPREME COURT.

This case was brought to this court at the present term by a writ of *certiorari* as a substitute for an appeal, and the facts as gathered from the record, the petition for the writ, and the certificate of the clerk, are fully set out in the opinion of the court.

Messrs. *D. G. Fowle* and *A. M. Lewis*, for plaintiff.
Messrs. *W. H. Pace* and *T. M. Argo*, for defendant.

ASHE, J.   At the January term, 1879, of the superior court for the county of Wake, a judgment was rendered in behalf of the plaintiff against the defendant, from which judgment the defendant appealed to this court, and filed his bond.   A statement of the case was made up by the counsel of the defendant and duly served on the counsel of the plaintiff, who made a counter-statement, and each was submitted to the judge presiding to make up the case, who fixed the 15th day of February, 1879, to settle the same. The papers in the case were sent by the clerk of the court, in the meantime, to the judge, but no case has ever been settled by him in consequence of the papers and notes of the trial having been lost or mislaid.

The defendant is entitled to his appeal, and has lost it by no laches on his part; and in such cases it has been the established practice of this court to order a new trial.   In the cases of *Isler* v. *Haddock*, 72 N. C., 119; *Mason* v. *Osgood, Id.*, 120, and *Simonton* v. *Simonton*, 80 N. C., 7, where the

judge presiding went out of office before a statement of the case was made out, and without the default of the party applying, new trials were ordered as the only remedy in such cases. And so in the case of the *State* v. *Powers*, 3 Hawks, 376, where it appeared from the certificate of the presiding judge that a case presenting the points was intended to be made up, but was prevented from his having lost the notes of the trial, the court held that there was no other mode by which the justice of the case could be attained but by awarding a new trial. Upon these and other authorities that might be cited, a new trial must be awarded in this case. Let this be certified to the superior court of Wake county.

PER CURIAM. *Venire de novo.*