*CATHARINE G. SHELTON v. SARAH L. SHELTON.

*New trial where judge goes out of office.*

The ruling in same case 89 N. C., 185, approved, to the effect that where a judge goes out of office before settling a case on appeal, a new trial will be awarded unless the parties afterwards agree upon a statement of the case.

EJECTMENT tried at Spring Term, 1882, of CHEROKEE Superior Court, before *Gilliam, J.*

*Mr. Armistead Jones,* for plaintiff.
No counsel for defendant.

ASHE, J. Judgment was rendered in the superior court in behalf of the defendant, and the case was brought to this court at October term, 1882, by the appeal of the plaintiff. And at February term, 1883, a petition for a writ of *certiorari* was filed by the appellant, based upon her affidavit setting forth the grounds of the application. Upon the hearing of the petition at October term, 1883, this court made the following order:

"The facts disclosed in the affidavit of the plaintiff's counsel, to which no opposing evidence is offered, are, that separate statements of the case on appeal, prepared for the respective parties, were delivered to the judge who tried the cause for his adjustment of the differences between them. He transmitted to the clerk a statement of his own, omitting one or more of the appellant's exceptions to the rulings which were intended to be brought up for review, without giving notice to the parties or affording them an opportu-

---

*Mr. Justice MERRIMON having been of counsel did not sit on the hearing of this case.

nity of being heard before his final action.   The retirement of the judge from office prevents the perfecting the appeal in the mode prescribed by the statute, and would, in the absence of any case, render unavoidable the award of a new trial.   This necessity may be avoided  by the appellee's assent to the filing of the appellant's case, as part of the record, and the appeal then heard upon it.   We therefore grant the application for the  writ of *certiorari*, to the end that an opportunity may be afforded to the parties to file the appellant's case, without addition or change, to come with  the record, in response to the requirements of the writ, and this can only be with the assent of the appellee. Let the writ issue as prayed for on the  terms prescribed by law."

The writ of *certiorari* was accordingly issued to the clerk of the superior court of Cherokee county, who at the February term of this court, made return of said writ, as follows:

"Catharine G. Shelton *v.* Sarah L. Shelton":

"In obedience to an order issued from the supreme court of North Carolina  in the above entitled cause, I have notified the parties in said cause, and the defendant objected to any amendment or change of the record, as the transcript heretofore sent up to the supreme  court is a true and complete record of said cause as appears of record in this office. February 18th, 1884." (Signed by the clerk).

As the defendant has declined to accept the terms offered in the order granting the writ of *certiorari*, a new trial is awarded.   This must therefore be certified to  the superior court of Cherokee county, that a new trial may be had.

*Venire de novo.*