### THE STATE v. RILEY PARKS.

*Appeal.*

It appearing that the case upon appeal, and the exceptions thereto, were delivered to the Judge, who died before it could be settled; that the papers have been lost, and that the defendant has been guilty of no *laches*, a new trial is awarded.

It appears from a return to a writ of *certiorari*, directing the transcript of the proceedings in this case to be certified to this Court, that the defendant was indicted for the crime of arson, and tried and found guilty before *Shipp, J.,* at Spring Term, 1890, of the Superior Court of RANDOLPH County, and from the judgment rendered upon said conviction he duly appealed to this Court.

*The Attorney General,* for the State.
No counsel for the defendant

DAVIS, J.—after stating the facts: The statement of the case on appeal was duly prepared and served upon the Solicitor, who filed exceptions, and all the papers in the case, including the original bill of indictment and appeal bond, were handed to the Judge to settle the case on appeal. Soon thereafter Judge Shipp died, and the case on appeal was never settled, and the papers were not returned, and have not, upon inquiry, been found among his papers. It is conceded by the State that the appeal was taken, and that the papers in the case have been lost and cannot be found.

The defendant has lost the benefit of his appeal, as is made manifest by the return to the writ of *certiorari*, without any default or neglect on his part, but in consequence of the deplored death of Judge Shipp, and, as has been often held by this Court, he is, under the circumstances, entitled to a new trial. *Clemmons* v. *Archbell,* decided at this term, and the cases there cited.

New trial.