JOHN I. TAYLOR v. GEORGE W. SIMMONS.

*Practice—Certiorari—Failure to Settle Case on Appeal—
Death of Trial Judge—New Trial.*

Where an appellant in apt time docketed the record proper and
    applied for a *certiorari*, the case on appeal not having been
    settled by the trial Judge, though case and counter-case had
    been duly served, and in the meanwhile the Judge died, a
    new trial will be ordered.

PARKER *v.* COGGINS.

Motion of defendant for a writ of *certiorari.*

*Mr. W. W. Clark,* for plaintiff.
No counsel, *contra.*

CLARK, J.:   At the last Term of this Court, being the
first Term of this Court after the trial below, the appellant
docketed the record proper and applied for a *certiorari* as
the case had not been settled by the Judge.   *Pittman* v.
*Kimberly,* 92 N. C., 562.   By consent the motion was con-
tinued to this term.   It appears that the case and counter-
case were served in time and that the appellant immedi-
ately applied to the Judge to settle the case.   The appel-
lant would be entitled to his *certiorari,* but as the trial
Judge (His Honor *Judge Graves*) has since died, the Court
must order a new trial.   *State* v. *Parks,* 107 N. C., 821.

New Trial.