# L. Corbly, Plaintiff in Error, v. F. M. Corbly and Lida M. Corbly, copartners, trading as F. M. Corbly & Company. Lida M. Corbly, Defendant in Error.

1. APPEAL AND ERROR, § 843*—*who cannot sign bill of exceptions.* A judge who has resigned his office cannot allow and sign a bill of exceptions in a case tried before him before his resignation.

2. APPEAL AND ERROR, § 845*—*what succeeding judge cannot sign bill of exceptions.* In Section 81 of the Practice Act (J. & A. ¶ 8618), providing that when the judge before whom a case is tried is unable to allow and sign a bill of exceptions then "the judge who succeeds such trial judge or any other judge of the court in which the case was tried, holding such court thereafter  *  *  *   shall  *  *  *  allow and sign such bill of exceptions  *  *  *," the expression "the judge who succeeds such trial judge" must be construed to mean the judge who succeeds the trial judge of the court where the judgment is entered, and cannot be construed to mean a judge succeeding by election, a judge of a county, other than that in which the case was tried, who tried the case at the request of the judge of the court in which the action was brought and judgment entered, unless the succeeding judge should be called to the county where the judgment was entered to hold court there.

3. APPEAL AND ERROR, § 843*—*who may sign bill of exceptions.* A judge is qualified to sign a bill of exceptions in a case tried in his court by a judge of another court who was called in and tried the case at his request.

4. JUDGES, § 10*—*when judge is not disqualified to proceed in a case.* The calling in, by a judge of a court in which a case is pending, of a judge of another court to try it is not in effect a change of venue, and such action does not disqualify the resident judge from taking further action in the case after trial.

5. APPEAL AND ERROR, § 842*—*when failure of judge to sign bill of exceptions will not prejudice party presenting it.* A party who has presented a bill of exceptions within the time fixed for so doing to a judge qualified to pass upon and sign it cannot be prejudiced by the failure of such judge to allow and sign it.

6. APPEAL AND ERROR, § 846*—*when order directing entry nunc pro tunc of bill of exceptions sufficiently recites authority of judge.* Where a case was tried by a judge of a court, other than that in which the action was pending, who was temporarily sitting in the court for the trial of the action at the request of the resident judge, and a bill of exceptions was presented to the resident judge, within

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the time allowed therefor, and he, not considering that he had authority to sign it, entered thereon a notation that it was presented and that when it should be settled it should be signed as of the date when presented, and it was signed at the term of court next succeeding the expiration of the time allowed for settlement by a judge of another court, other than the judge who had tried the case, sitting temporarily in the court at the request of the resident judge, and ordered by him to be entered *nunc pro tunc*, *held* that the recital in such order was sufficient to show the right of such judge to make the order.

7. APPEAL AND ERROR, § 842*—*when clerk's signature to bill of exceptions is sufficient.* A bill of exceptions filed by the clerk of a court but signed as "County Clerk," *held* valid, as the term "County Clerk" and "Clerk of the County Court" are by Rev. St. ch. 131, sec. 1, par. 8 (J. & A. ¶ 11,102) interchangeable.

8. APPEAL AND ERROR, § 842*—*when bill of exceptions signed by county clerk is valid.* A bill of exceptions signed by the clerk of the County Court pursuant to an order to the clerk of the court made by a judge temporarily sitting in the court, *held* valid though the clerk signed as "County Clerk," since the order was by its direction to the clerk of the County Court clearly identified as a file of that court.

9. INSTRUCTIONS, § 7*—*when instructions must be accurate.* Where the evidence in a case is sharply conflicting, it is highly important that the instructions be accurate.

10. PARTNERSHIP, § 40*—*when instruction on existence of partnership is erroneous.* An instruction to the effect that if two parties entered into an arrangement to advertise their goods together so as to save expense then no partnership existed between the parties, *held* erroneous as the "arrangement" may have been in fact a partnership arrangement, whereby each partner in terms agreed to be responsible for all debts of the firm.

11. PARTNERSHIP, § 40*—*when instruction on existence of partnership is erroneous.* In an action against an alleged partnership on promissory notes signed in the firm name, an instruction that if one of the defendants at the request of the plaintiff ceased to conduct her business under her own name and conducted it under the firm name, including the name of the other defendant, she would not be liable on the note if she kept the management of her business exclusively under her control, *held* erroneous.

Error to the County Court of Ford county; the Hon. ARTHUR W. DESELM, Judge, presiding. Heard in this court at the April term, 1916. Reversed and remanded. Opinion filed October 13, 1916. Rehearing denied December 2, 1916.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

DOBBINS & DOBBINS and OSCAR H. WYLIE, for plaintiff in error.

KERR & LINDLEY and SCHNEIDER & SCHNEIDER, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

A motion of defendant in error to strike the bill of exceptions from the files of this court was taken to be disposed of with the case.

The basis of the motion is that the bill of exceptions was not presented to or signed by any judge having authority to sign or receive the same within the time fixed by the court for so doing when the appeal was allowed.

The following facts appear from the motion of defendants in error now under consideration and the affidavits filed in support thereof: The judgment attacked by this writ of error was entered in the County Court then being in session. On that day plaintiff in error prayed and was allowed an appeal and the time for presenting a bill of exceptions was limited to ninety days from that date. The February term, 1914, of that court then adjourned and the June term of that court, 1914, soon convened, and on July 20, 1914, adjourned to court in course. The County Court of Ford county has but two common-law terms of court each year, and they convene in February and June annually. The case was tried before Hon. Arthur W. Deselm, then county judge of Kankakee county. Hon. M. L. McQuiston was then county judge of Ford county, and Judge Deselm came to Ford county and tried this case at the request of Judge McQuiston. On August 8, 1914, Judge Deselm resigned his office of county judge of Kankakee county. On August 27, 1914, the same being within the ninety days fixed for presenting the bill of exceptions, plaintiff in error

presented the same to the Hon. Arthur Deselm, at that time judge of the Circuit Court, who as judge of the County Court tried this case, to Hon. M. L. McQuiston, county judge of Ford county, the court where the judgment was entered, and to Hon. William G. Spurgin, then county judge of Champaign county, who was called to Ford county by Judge McQuiston to sign the same. Judge Deselm no longer being a county judge and objections by defendants in error being made to the bill of exceptions being signed by Judge McQuiston, because of previous interest in the case, because he did not preside at the trial and because the County Court of Ford county was not in session, and to its being signed by Judge Spurgin, because there was no term of the County Court of Ford county in session, and that he could not be called to preside over a court when no court was in session, none of these judges would sign the same, but each of them noted on it the fact that it had been presented to them and the date it was presented, i. e., August 27, 1914, and Judge Spurgin and Judge McQuiston made a further notation that when the same was settled it was to be signed as of that date, and each of them signed the memorandum so made. When the County Court of Ford county convened for the February term, 1915, the Hon. Roy C. Freeman, having been elected county judge of Champaign county to succeed Judge William G. Spurgin, was called by the county judge of Ford county to preside over that court, at that term, and to settle the bill of exceptions in this case, while so presiding, and did on February 19, 1915, settle and sign the same and did further order that the same be filed *nunc pro tunc* as of August 27, 1914. The foregoing facts are not controverted and conclusively show that plaintiff in error did all that could be done under the circumstances to get the bill of exceptions into the hands of a judge competent to approve and sign the same, and that he procured the same to be signed by a judge

holding the County Court of Ford county at the first term after the ninety day limit fixed by the court for presenting the bill of exceptions had expired.

Plaintiff in error had all of August 27, 1914, in which to present this bill of exceptions for approval and signature. He cannot be held to be in default for taking all the time allowed him by the order of the court for that purpose. Judge Deselm, who tried the case, had by reason of having been elected judge of the Circuit Court and resigning the office of county judge, become in law unable to allow and sign the bill of exceptions. Section 81 of the Practice Act (J. & A. ¶ 8618) provides that when the judge before whom a case is tried is unable to allow and sign a bill of exceptions then "the judge who succeeds such trial judge or any other judge of the court in which the cause was tried, holding such court thereafter, * * * shall * * * allow and sign such bill of exceptions * * *" and that such act shall be as valid and binding as if performed by the judge before whom the case was tried. Judge Deselm was not the resident county judge of Ford county, but was the resident county judge of Kankakee county. The expression "the judge who succeeds such trial judge" used in section 81 of the Practice Act above quoted must be construed to mean the judge who succeeds the trial judge as judge of the court where the judgment is entered. It cannot be construed, as applied to the facts in this case, to mean the judge who was elected in Kankakee county to succeed Judge Deselm, unless such newly-elected judge should be called to Ford county to hold County Court there. When the ninety day time limit fixed for presenting the bill of exceptions expired, the June term of the County Court of Ford county had adjourned to court in course and there was no court in course from that time until the following February. Therefore no judge could succeed Judge Deselm as judge of the County Court of Ford county by holding

court there until the February term of that court, 1915, because there was no court to hold until then. Judge McQuiston was the resident judge of the County Court of Ford county from before the time the case was tried until after the February term of that court, 1915, and was undoubtedly qualified, so far as the terms of the statute are concerned, to settle and sign the bill of exceptions in this case. It is objected, however, that this cause was removed from Judge McQuiston by change of venue and that therefore he could enter no further order in the case, except to effectuate the change of venue.

The affidavit of Frank Lindley, filed in support of the motion under consideration, states that the cause was removed from Judge McQuiston to Judge Spurgin, county judge of Champaign county, on change of venue, upon the order of Judge McQuiston "on his own motion." We know of no law by which a judge of a court of record can order a change of venue from himself to some other judge on his own motion. It is apparent that for some reason Judge McQuiston did not want to hear the case when it first was presented to him on motion for a judgment by confession, and that he therefore called in a judge of the County Court of another county to hear it. That action was however in no sense a change of venue and in no way disqualified Judge McQuiston for taking further action in the case.

As already seen, the bill of exceptions was presented to Judge McQuiston within the ninety days fixed by Judge Deselm for that purpose and should have been passed upon by him, and if found to be proper should have been signed by him. As it was, he noted on it that it had been presented to him on August 27, 1914, to be signed as of that date when settled.

Plaintiff in error having presented the bill of exceptions within the time fixed for so doing to a judge legally qualified to pass upon and sign the same, can-

not be prejudiced by the neglect of the judge to whom it was presented. *People v. Rosenwald*, 266 Ill. 548, and cases there cited. *T. E. Hill Co. v. United States Fidelity & Guaranty Co.*, 250 Ill. 242.

The bill of exceptions was finally signed by Judge Freeman while presiding as the judge of the County Court of Ford county, and ordered filed *nunc pro tunc* as of August 27, 1914. The recitals in his order approving the bill of exceptions are sufficient to show his right to do what he did.

The bill of exceptions was filed by J. S. Thompson, "County Clerk" and it is urged that it should have been signed by him as "Clerk of the County Court" and that, as it was not so signed, it did not become part of the records of the County Court. There is no force in this contention. The two terms "County Clerk" and "Clerk of the County Court" are interchangeable. Chapter 131, sec. 1, par. 8, Rev. St. (J. & A. ¶ 11,102). Besides that the bill of exceptions was filed by Mr. Thompson pursuant to an order of a sitting judge of the County Court to the clerk of that court which clearly identifies it as a file of the County Court. *People v. Munroe*, 227 Ill. 604. The motion to strike the bill of exceptions is therefore denied.

The facts relating to the merits of this case are briefly stated: Plaintiff in error obtained two joint judgments by confession in the County Court of Ford county against F. M. Corbly and Lida M. Corbly as copartners, doing business under the firm name "F. M. Corbly & Co." These judgments were later at the instance of Lida Corbly opened, and she was let in to plead to the merits. She filed a verified plea of the general issue, a verified plea denying joint liability, a plea of no consideration, a plea alleging collusion between F. M. Corbly and Lindsey Corbly in the giving of the notes and in the taking of the judgments by confession, and also charging that F. M. Corbly and Lindsey Corbly and not Lida M. Corbly were partners,

under the firm name of F. M. Corbly & Co., and that no consideration passed for the notes, and a plea charging conspiracy to prevent Lida M. Corbly contesting a pending divorce suit brought by her husband, Fred M. Corbly. Issue was joined on the pleas and it was agreed that the two cases should be tried together, but that separate judgments be entered on the verdict. The case has been twice tried. The first trial resulted in a disagreement of the jury and the second resulted in a verdict for Lida M. Corbly, and judgment was entered against Lindsey Corbly in bar of his action, and for costs. Lindsey Corbly is the father of Fred M. Corbly, and Lida Corbly is the wife of Fred M. Corbly.

The real issue between these parties was, as to whether Lida M. Corbly was a member of the firm of F. M. Corbly & Co. at the time the notes in question were given. The evidence is voluminous, there being approximately 1,600 pages in the bill of exceptions. It is conflicting on substantially every material point. Under this state of facts it was highly important that the instructions should be accurate. There was clearly no error in the admission of evidence. The instructions given at the instance of plaintiff in error are comprehensive and are fully as favorable to him as the law would warrant, and no substantial error has been pointed out in refusing any instructions offered by him.

The instructions given at the instance of defendant in error are not prepared with the care they should have been. At least two of them contain fatal errors.

The eighth in the series given for her is as follows:

"The Court further instructs the jury that if you believe from a preponderance of the evidence that Fred Corbly was in the shoe business and Lida Corbly was in the millinery business, in the same store room in the City of Paxton, and at the suggestion, request or advice of plaintiff, Lindsey Corbly, then entered into arrangements whereby they have advertised their goods jointly under the name of F. M.

Corbly & Co., for convenience or the saving of expense of advertising, then the court instructs you that so far as the plaintiff, Lindsey Corbly, is concerned, there was no partnership existing between the said Lida Corbly and Fred Corbly, and whatever amount of money Fred Corbly may have borrowed from the plaintiff under the name of F. M. Corbly & Co., the defendant Lida Corbly would be in no wise bound to pay the same or any part thereof to the plaintiff, Lindsey Corbly."

This instruction ignores the fact that what is therein termed "arrangements whereby they have advertised their goods jointly under the name of F. M. Corbly & Co. for convenience or the saving of expense of advertising" might have been a hard and fast partnership contract whereby each partner should in terms agree to be responsible for all the debts of the firm.

The ninth instruction given in the same series reads:

"You are instructed that even though you may believe from the evidence that Lida Corbly was conducting a millinery business and Fred Corbly was conducting a shoe business in the Corbly building in Paxton, Illinois, prior to the making of the notes in issue in this case, and if you further believe from the preponderance of the evidence that the plaintiff, prior to the 12th day of October, A. D. 1903, suggested, advised or requested the defendant that she, the defendant, change her business name and conduct her business under the name of F. M. Corbly & Co. in connection with the said Fred Corbly, and if you further believe from the preponderance of the evidence that in compliance with said request she did so change her business name and conducted her business under the name of F. M. Corbly & Co., but still kept the management of her millinery exclusively under her own control, and the plaintiff knew the fact, then you will find the issues for the defendant."

This instruction directs a verdict and is bad for much the same reason as the eighth. Under this in-

struction defendant in error would not be liable for partnership debts, even if she was in truth a member of the partnership, if, while doing business in the firm name, she by her partnership agreement kept the management of the millinery business exclusively under her control.

These instructions could not help but be harmful, and while we greatly regret the necessity for so doing, we see no alternative under the recognized rules of law but to reverse the judgment and remand the cause for the errors pointed out.

*Reversed and remanded.*