## City of Nashville *v.* Dad's Auto Accessories, Inc., *et al.**

## (*Nashville.* December Term, 1925.)

Opinion filed June 19, 1926.

1. **SUPREME COURT JURISDICTION. Acts, 1925, ch. 100.**

.Whenever good faith constitutional questions are involved which may be determinative, although nonconstitutional questions are also presented, the jurisdiction is exclusively in the Supreme Court. (Post, p. 197.)

2. **SAME. Certiorari to inferior courts.**

The power of the Supreme Court with respect to the issuance of writs of certiorari to inferior courts, by statute and under our decisions are broad and comprehensive, whenever an inferior tribunal exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally. (Post, p. 198.)

Citing and distinguishing: Howell v. Thompson, 130 Tenn., 311.

Citing: State ex rel. v. Hebert, 127 Tenn., 220; Railroad v. Campbell, 109 Tenn., 645; Clements v. Roberts, 144 Tenn., 129; State v. Alexander, 132 Tenn., 439; Gilbraith v. Willett, 148 Tenn., 92; 28 A. L. R., 1147; Citing: Code 1858, sec., 3123; Shannon's Code, sec., 4853.

3. **SAME. Same. To review condemnation cases.**

The Supreme Court has jurisdiction to grant the writs; and certiorari .is a peculiarly appropriate method of review in condemnation cases. (Post, p. 198.)

4. **CONDEMNATION. Private Property. Compensation. Damages.**

It is well recognized that in a condemnation proceeding that such action is dual in nature, so that the recovery of the land or right to its appropriation may be had separately or in advance of the recovery of the damages, and that the one judgment may be had in advance of the other. (Post, p. 201.) .

Citing: Cunningham v. Terminal Co., 126 Tenn., 352; Anno. Cas. 1913E., 1058; Tenn. Cent. R. R. Co. v. Campbell, 109 Tenn., 640.

**5. STATUTES.  Construction.  Apparent conflicts.**

It is the duty of the courts to reconcile, if possible, apparent conflicts and to give statutes as a whole, when possible, to construe in pari materia, that meaning which, taking all sections together, is most in accordance with the apparent intent of the Legislature. (Post, p. 201.)

Citing: Code of 1858, sec. 1390; Shannon's Code, secs. 1981, 1983, 1984; Acts of 1925, ch. 31.

**6. CONDEMNATION.  Compensation.  Municipality.**

In condemnation proceedings by a municipality, the details of advance provision for the payments of the damages, which may be recovered by an owner, are not material; if funds appropriated for the purpose are insufficient, or become exhausted, the taxable property of such municipality constitutes a fund to which the owner may resort for payment.  (Post, p. 201.)

Citing: State Highway Department v. Michell's Heirs, 142 Tenn., 68; Knoxville Ice & Cold Storage Co. v. City of Knoxville, 284 S. W. —.

**7. SAME.  Same.  Right of entry.  Same.**

Where protection is fully provided against loss of damages, as may be finally awarded, the condemnor, is entitled to immediate entry; where neither a want of power to exercise the right nor immunity from appropriation of particular property is not involved.  (Post, p. 202.)

Citing: Phosphate Co. v. Phosphate. Co., 120 Tenn., 260; 22 L. R. A. (N. S.) 701; Railroad Co. v. Cemetery Co., 116 Tenn., 400; Chattanooga v. N. C. & St. L. Ry., 284 S. W., p. —.

**8. CONDEMNATION.  Municipality.  Approval of award.**

A substantial compliance with the statutory requirement of the approval of the award by a municipality may be inferred; as where the report of award is received, spread upon minutes, unexcepted to, and proceedings are had thereon.  (Post, p. 202.)

---

FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Supreme Court.—HON. E. F. LANGFORD, Judge.

J. CARLTON LOSER, J. WASHINGTON MOORE, NORMAN MINICK, CHAS. GILBERT, and A. G. EWING, JR., for plaintiff in error.

NORMAN FARRELL and BAXTER CATO, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

A petition is presented by the city for writs of *certiorari* and *supersedeas* to the circuit court of Davidson county. Condemnation proceedings were instituted by the city under its charter powers for the widening of a street, Eighth avenue, involving the taking of a fifteen-foot strip on which a building occupied by defendant under a lease was partly located. After appointment and report of the jury of view, and notice to defendant to vacate by a given date, defendant filed a petition for *certiorari* and *supersedeas* in the circuit court, seeking a review of the condemnation proceedings, attacking the constitutionality of the laws under which the city was acting, denying the legality of the steps taken, and setting up the failure of the city to conform to certain requirements of the law proceeded under, alleged to be essential, and challenging also the award of compensation reported by the jury.

The circuit judge issued the writ of *certiorari* to bring to that court the record, and, also, upon the giving of

bond, a writ of *supersedeas* restraining the city from entering upon and taking possession of the lands occupied by the defendant pending the hearing. A motion of the city to discharge the *supersedeas* was overruled by the circuit judge, and by this petition the city now seeks to have this court remove the case here at the present stage by *certiorari,* and, also, supersede the *supersedeas* issued by the circuit judge, on the theory that the right of the city to enter upon the land condemned pending any litigation over the amount of damages, or other incidental issues, is absolute, under both the general rule applicable in condemnation proceedings and the special charter provisions of the city of Nashville.

A motion to dismiss the petition here is made on the theory that the jurisdiction is not in the supreme court, but in the court of appeals, under the act of 1925 (Pub. Acts 1925, chapter 100), defining the jurisdiction of these courts. Conceding that cases involving constitutional questions come to this court, it is said that it appears that this case is one that presents also nonconstitutional questions which might be determinative, and that such a case goes to the court of appeals. The act of 1925 cannot be so construed. Whenever good-faith constitutional questions are involved, of a character which may be determinative, the jurisdiction is exclusively here.

It is insisted for the defendant that this court may not supersede an interlocutory stay order issued by the circuit court which is negative or restraining only in its effect, this being such a case. While this is substantially the holding in *Howell* v. *Thompson,* 130 Tenn., 311, 170 S. W., 253, wherein Mr. Justice GREEN fully reviewed the statute and authorities, that holding dealt with the

office of the writ of *supersedeas* as an original primary process, and not with the writ of *certiorari* and an incidental *supersedeas*. The powers of this court with respect to the issuance of writs of *certiorari* to inferior courts, by statute and under our decisions, are broad and comprehensive, whenever an inferior tribunal exercising judicial functions has exceeded the jurisdiction conferred or is acting illegally. Shannon's Code, section 4853; *State ex rel.* v. *Hebert,* 127 Tenn., 220, 154 S. W., 957 (wherein this question is fully considered); *Railroad* v. *Campbell,* 109 Tenn., 645, 75 S. W., 1012; *Clements* v. *Roberts,* 144 Tenn., 129, 230 S. W., 30; *State* v. *Alexander,* 132 Tenn., 439, 178 S. W., 1107; *Gilbreath* v. *Willett,* 148 Tenn., 92, 251 S. W., 910, 28 A. L. R., 1147.

What was said in *Howell* v. *Thompson,* supra, and elsewhere with respect to the nonapplicability of the writs to interlocutory orders merely negative or prohibitory in character was said with reference to the writ of *supersedeas,* as an independent original process. This has no application in the instant case, first, because the original primary process is the writ of *certiorari,* which is not so limited. As said by Mr. Justice NEIL in *State* v. *Hebert,* supra (at page 242 [154 S. W., 963]):

"The court will not usually by *certiorari* interfere with a lower court's dealing with a case, until final judgment, but it has the power in a proper case, and where necessary to effect the ends of justice will use that power."

In the second place, this is a condemnation proceeding, and it is well recognized that such an action is dual in nature, so that the recovery of the land, or right to its appropriation, may be had separately and in advance of the recovery of the damages, and that the one judgment

may be had in advance of the other. ''There may be two final judgments in this action, which can be reviewed by separate proceedings in error prosecuted at different times.'' *Cunningham* v. *Terminal Co.,* 126 Tenn., 352, 149 S. W., 105 (Ann. Cas., 1913E, 1058).

When, as in this case, the right of appropriation of the land is denied by the circuit court the case has progressed to that point where review in this court of that branch of the proceeding may properly be sought. *Tenn. Cent. R. Co.* v. *Campbell,* 109 Tenn., 640, 75 S. W., 1012. It being therefore clear that this court has jurisdiction and lawful power to grant the writs—and *certiorari* is a peculiarly appropriate method of review in condemnation cases—it remains to be determined only whether or not the stay order restraining the city from entering upon the land has been lawfully and rightfully issued.

We think it may fairly be inferred that the learned circuit judge has been led to issue this restraining order by language to be found incorporated in section 1390, Code of 1858 (Shannon's Code, section 1983), as amended by chapter 31 of the Public Acts of 1925, for, aside therefrom, the provisions of the municipal condemnation laws (Shannon's Code, sections 1981 to 1984, inclusive), and of the general condemnation laws (Shannon's Code, sections 1845 to 1865, inclusive), plainly provide, not only for appeal as to the matter of damages but for immediate entry and possession by the condemnor upon paying or securing the payment of the damages. For the city it is insisted that by the charter of the city of Nashville enacted in 1923 power was conferred to condemn in accordance with Shannon's Code, sections 1981-1984, as they then stood, and that the amendments provided for

by chapter 31 of the Acts of 1925 do not amend these charter powers. To this we cannot assent. We are of opinion that powers conferred by reference to this general law as it stood at the time of the enactment of the charter are automatically amended by all subsequent amendments to the general law. The particular section now under consideration (Shannon's Code, section 1983), deals with and confers upon the municipality a remedy by fine against any person failing or refusing to open the condemned way after notice. The amendment fixes more definitely the time of the notice and increases the amount of the fine to be imposed, and includes a proviso to the effect that if the owner contests the condemnation the obligation to surrender possession to the city and the liability for fine for failing so to do shall not obtain until such question shall be finally determined. For the defendant here it is contended that this clause authorizes the stay granted by the circuit judge. Standing alone this contention would be plausible. However, by the following section, which grants to the owner the right of appeal, it is "provided that any such appeal shall not operate to prevent the municipality from taking possession of the land condemned, nor stay the opening or extension of any such street, alley or common."

This language concludes the pertinent statutory provisions, is the final and most emphatic word, and as unequivocally as may be expressed negatives the right or power to "stay the opening or extension" pending the disposition of the question of compensation to the owner, or of incidental issues. It must be recognized as controlling, in harmony as it is with the positive provisions of Shannon's Code, section 1982, before and after amend-

ment, and with the general condemnation sections (sections 1863-1865), with which these municipal condemnation sections are properly to be construed *in pari materia,* and with the obvious and judicially and legislatively recognized necessities of condemnation proceedings for public improvements. While the provision incorporated in section 1983, above noted, is in apparent conflict, we are persuaded that it may be consistently reconciled by construing it to have application to the special remedy by fine which is the subject of the section in which it is incorporated. The "obligation" created by that section to pay a fine is the "obligation" which it is intended to relieve the owner of in the event he contests the legality of the proceeding. This construction is supported by the concluding paragraph of that particular section, which provides, that, "this remedy," which is the subject-matter of the section, "is not exclusive, but is in addition to the right of such municipality," theretofore and thereafter conferred and declared to be immediate and not subject to stay, "to take possession as owner of such condemned land and to open the street," etc.

It is the duty of this court to reconcile, if possible, apparent conflicts and to give the statutes as a whole that meaning which, taking all sections together, is most in accordance with the apparent intent of the legislature.

This construction being adopted, there remains only to be considered on this preliminary application one other question, namely, whether or not provision has been constitutionally made for payment to the owner of his damages, awarded, or which may be recovered, for the right of entry by the condemnor is conditional thereupon.

It is insisted for the defendant that the municipal condemnation statutes above cited, as amended by the act of 1925, and which form the basis of the charter powers of the city of Nashville, do not make adequate provision for the payment to the owner of all such damages as may be recovered; and (2) that no provision for the demands of the defendant has been made in this case pursuant to said statutes. The statutes call for the deposit with the city clerk or recorder of the compensation assessed by the commission. It is said that this makes no provision for a possible excess recovery by the owner. With respect to this matter we hold, briefly, that this condemnation proceeding, being by a municipality, the details of advance provision for payment of the damages which may be recovered by an owner are not material. The provision of neither bond nor specific fund is essential to the protection of the owner guaranteed by the Constitution. The taxable property of the municipality, a practically unlimited resource, constitutes a fund or pledge to which the owner may resort for payment. His judgment is collectable as a general debt, in the event the deposit made for his benefit, or the funds specially appropriated for the purpose, are insufficient or become exhausted (see *State Highway Department* v. *Mitchell's Heirs,* 142 Tenn., 68, 216 S. W., 336), and this court has so recognized in the recent case of *Knoxville Ice & Cold Storage Co.* v. *City of Knoxville,* 284 S. W., —, decided, at the present term.

The determinative questions on this preliminary application being thus disposed of, it results that the writ of *certiorari* and, incidentally, of *supersedeas* will issue, the *supersedeas* granted by the circuit judge restraining

the city from entering upon the land in question will be discharged, and the case will thereupon be remanded to the circuit court of Davidson county for further proceedings in determination of the right of the defendant to damages and the extent thereof.

## ON PETITION TO REHEAR.

An exceptionally able petition is presented for a rehearing in this case on three specific grounds: (1) That there had been no approval by the city council of the report of the condemnation commission; (2) that the application to this court was premature; and (3) that the act of 1925 has been misconstrued. We treat these points briefly in inverse order.

3. The construction given the apparently conflicting clauses of the act of 1925 was adopted after full and mature consideration, and, conceding the force and plausibility of the argument now presented, is adhered to, reference being made to the statement of our grounds for so holding contained in the original opinion. However, should the provision in section 1390, to the effect that if the owner "contests the right or legality of such condemnation then the obligation" shall not obtain until such question shall be finally determined, be construed to give the right to retain possession pending litigation, as well as confer immunity from fine, the term, "right or legality of such condemnation," must be limited to issues which involve strictly "the right" of condemnation, either (a) a want of lawful power in the condemnor, or (b) a state of immunity from application to condemnation of the specific land.

Under section 1844 of Shannon's Code will be found notes illustrating both classes of cases. For example, power is lacking in a private manufacturing corporation (see *Phosphate Co.* v. *Phosphate Co.,* 120 Tenn., 260, 113 S. W., 410, 22 L. R. A. [N. S.], 701), and immunity from such taking exists where land has previously been devoted to cemetery or railroad uses. See *Railroad Co.* v. *Cemetery Co.,* 116 Tenn., 400, 94 S. W., 69. Of the latter class was the recent case of *Chattanooga* v. *N. C. & St. L. Ry.,* 284 S. W., —, cited by petitioner. If it was being here contended that the purpose was to condemn property for a street already devoted to a public use, it would no doubt be conceded that such right must have been conferred by the legislature, either in express terms or by necessary implication, but how our municipal condemnation statutes are to be construed in this regard is not for decision. We have no such questions before us. Aside from certain incidental questions of regularity in procedure, the real issue is as to the compensation—whether much, less or any at all. Having found that protection is fully provided to the owners in this case against loss of such damages as may be finally awarded, no "right" is involved of that character which, either by the terms of the proviso in question or by law otherwise, remains undetermined, and the condemnor is entitled to immediate entry, and this court may properly protect this right.

2. In addition to the expression heretofore made of our views as to the right of this court to intervene at this stage of the proceedings, we add that the right of immediate entry on or possession of private property without stay or delay, being fundamental and essential,

whenever condemnation has been instituted by a lawfully empowered agency and has so far proceeded that provision has been made—or exists by operation of law, as we hold to be true when a municipality acts—for payment of damages, then any order of an inferior court which denies this right of immediate possession is so far and in such sense final as to justify the intervention of this court. In *Railroad* v. *Campbell,* 109 Tenn., 640, 75 S. W., 1012, from which expressions are quoted and relied on by petitioner, the opinion clearly shows that the commissioners had "not filed any report of their action," and no provision had been made for the payment of damages (page 651 [75 S. W., 1012]). Nor was it a municipality which was moving, in which class of cases specific provision for compensation is not to the same extent constitutionally required. And, as already indicated, in the instant case neither a want of power to exercise the right of eminent domain, nor immunity from appropriation by condemnation of the particular property, is involved. The real issue remaining for determination relates alone to the amount of compensation and the provision for payment thereof, except for a question of irregularity of procedure to be next considered.

1. It is urged that this "court has overlooked the fact that the city council of Nashville has never approved the award." The amendment of 1925 to Code sections 1388, 1389, provides that the legislative "body shall cause said report (of the jury, or commission, of view) to be spread upon its minutes with its action thereon," and that on payment of the compensation or damages, which have been assessed by the condemnation commission and

approved by the municipal legislative body, into the office of the recorder or city clerk," etc., possession may be taken by the city. While it appears that the report "was received, read and ordered spread upon the minutes," it is said that the minutes fail to show "its action thereon," and that this affirmative showing of approval was an essential condition precedent to a lawful taking of possession by the city.

In the first place, we think the records as a whole indicate a substantial compliance with the statutory requirements in this regard. When the city council by formal action appointed the commission, received its report without objection and spread it on its minutes, and thereupon proceeded to act on it through its board of public works and city engineer, it bindingly "approved" the report. It is quite apparent from a reading of the exception and appeal filed by petitioner before the city council (tr. 114) that the proceedings which had been had and were recognized by petitioner at that time as having the effect of adoption or approval of the report. But if this were not technically so, it is clear that the irregularity or omission in formal "action thereon" would be matter of defense only on the part of the city by way of avoidance of any claim or demand based on the report, and it is equally clear that the city would be estopped from making such question by its conduct hereinbefore noted. It results that this alleged defect in the condemnation proceedings lacks substantiality. It may be pertinently added that the exception and application for appeal presented by petitioner to the city council, already mentioned, quite clearly shows that the real con-

troversy was with respect to the matters of compensation for the property proposed to be taken by condemnation. This phase of the "dual" litigation may yet be determined pursuant to the remand heretofore ordered. The petition to rehear must be denied.