LARKEY LUMBER & WRECKING CO. *v.* BYRNES.

(*Jackson*, April Term, 1944.)

Opinion filed June 10, 1944.

John W. Harris, of Memphis, for plaintiff in error.

Robinson & Robinson, of Memphis, for defendant in error.

Mr. Justice Neil delivered the opinion of the Court.

This suit was brought in the Circuit Court of Shelby County by the plaintiff A. E. Byrnes, defendant in error against the defendant Lumber Company, in which a judgment was rendered in his favor. The case was tried by Honorable Frank H. Gailor, Judge of Part II of said court, without the intervention of a jury. On May 14, 1943, the defendant filed a motion for new trial which was overruled. An exception was taken and defendant prayed and was granted an appeal to the Court of Appeals and thirty days allowed to file a bill of exceptions and otherwise perfect the appeal. On June 7th Judge Gailor vacated his office and was sworn in as Associate Justice of the Supreme Court. Thereafter, and before the expiration of the time allowed for the perfecting of its appeal, the defendant filed its appeal bond. It later filed its petition for *certiorari* and *supersedeas* with the Court of Appeals, seeking to have that Court review the technical record and award a new trial because of the inability of defendant to file a duly authenticated bill of

exceptions. It was averred in the petition that the Circuit Judge had vacated his office and was without legal authority to sign a bill of exceptions. This petition was denied by the Justice to whom it was presented. Thereafter, on August 6, 1943, a transcript of the record was filed in the Office of the Clerk of the Court of Appeals. When the case was called for trial, it was heard on brief. Prior to the filing of the transcript and the hearing, as aforesaid, the defendant filed a petition to rehear its application for the writs of *certiorari* and *supersedeas*. The Court of Appeals responding thereto said:

"So far as we are aware there is no authority for a rehearing by the whole Court of the action of one of its members at chambers in denying an application for writs of *certiorari* and *supersedeas*. But if there were, it would be of no avail in this case for we are satisfied that the application was properly denied. Neither a writ of *certiorari* nor a writ of *supersedeas* is the proper remedy in the case made by the petition, assuming that its averments were sufficient, which they were not."

Having denied the relief sought in the petition, the Court affirmed the judgment of the trial court upon the technical record. This Court granted *certiorari* to the Court of Appeals and oral argument has been heard. The errors complained of are as follows:

"I. The Court of Appeals erred in holding that the Defendant is not entitled to the relief sought through *certiorari*, whether statutory or common law.

"II. The Court of Appeals erred in considering the appeal upon the technical record alone when it appeared that the Defendant, through no fault of its own, was prevented from presenting a duly authenticated record of the trial below, upon which alone error was predicated and from which relief was sought.

"III. The Court of Appeals erred in overruling Defendant's Motion to Rehear."

Before proceeding to a consideration of these assignments, it should be stated (1) that the time allowed for filing a bill of exceptions by defendant had not expired when Judge GAILOR vacated his office of Circuit Judge; (2) that defendants did not at any time request him to sign a bill of exceptions, it being contended that defendant had seven days after the trial judge vacated his office within which to file it, and that he had no authority to sign it during that time; and (3) counsel for defendant declined to stipulate with opposing counsel for the trial judge to sign the bill of exceptions during this seven day period. It is only fair to state that it was the insistence of defendant's counsel that he declined to enter into this agreement because it could not confer authority where none existed under the law.

The first question to be decided in the instant case is, was the trial judge, after he vacated his office and took the oath as Associate Justice of the Supreme Court, clothed with authority to sign a bill of exceptions? We have no case in this state that is determinative of the question. In *Dennis* v. *State*, 137 Tenn., 543, 195 S. W., 162, it was held that a special judge, who overruled a motion for new trial in a case that was tried by the regular judge, had no authority to sign the bill of exceptions. The case was reversed and a new trial granted. The exact question now before us has been dealt with in a number of jurisdictions, and we think the weight of authority is that a trial judge who has vacated his office has no authority thereafter to perform any of its functions. In 33 C. J., 963, it is said: "The elevation of a judge to a higher court terminates his right to exercise

any of the functions of the judge of the lower court.'' See *Milliman* v. *New York Central, etc., R. Co.*, 109 App. Div., 139, 95 N. Y. S., 1097, where it was held that a trial justice, having become a member of the Appellate Division, has no power or jurisdiction thereafter to hear and decide the motion for a non-suit reserved at the trial. In *Sandy Valley & E. R. Co.* v. *Moore*, 175 Ky., 163, 165, 193 S. W., 1020, 1021, it was said:

''When the particular term for which a regular judge is elected expires, his jurisdiction ends, and his authority ceases for all purposes. His acts thereafter are those of a private citizen, and not those of a judge. We therefore conclude that a regular judge whose term of office has expired is without power to approve a bill of exceptions.''

See also to the same effect *Ray et al.* v. *City of Birmingham*, 212 Ala., 480, 103 So., 460; *Shelton* v. *Shelton*, 91 N. C., 329; *State* v. *Parks*, 107 N. C., 821, 12 S. E., 572; *Taylor* v. *Simmons*, 116 N. C., 70, 20 S. E., 961; *Corbly* v. *Corbly*, 202 Ill. App., 469; *Simonton* v. *Simonton*, 80 N. C., 7. In *Crittenden* v. *Schemerhorn*, 35 Mich., 370, the Court held that the error complained of was not cured by stipulation of the parties. In that case it was said:

''In this case the bill of exceptions was settled by the judge who tried the cause, after he had retired from office. It appears, however, to have been done under the permission of a stipulation entered into by counsel for the respective parties.'' The judgment was reversed and a new trial ordered.

The next question in the assignments of error is that ''the Court of Appeals was in error in holding that the defendant was not entitled to the relief sought through *certiorari*.'' We think the Court properly held that the case having been appealed was before the Court upon

the technical record and that the statutory writ of *certiorari* was not the proper remedy. In considering the office of the common law writ, the Court said:

"It is equally obvious that the common law writ of *certiorari* was not available. That writ lies when an inferior tribunal exercising judicial functions has exceeded the jurisdiction conferred upon it or is acting illegally, when, in the judgment of the court to whom the application is made, there is no other plain, speedy or adequate remedy. Code Section 8989; [*City of*] *Nashville* v. *Dad's Auto Accessories, supra* (154 Tenn., 194 [285 S. W., 52]); *Conners* v. *Knoxville*, 136 Tenn., 428, 434 [189 S. W., 870]. Manifestly there was no excess or illegality of action in this case."

In response to the view thus expressed by the Court the defendant earnestly contends that Code, section 8989 is broad enough to include not only acts that are illegal but the cases where one is deprived of a legal right through no fault or neglect on his part. It is true that no one has been guilty of any illegal act in the instant case, but we think it appears that defendant has been denied its right of appeal and thus deprived of a legal right. We cannot say, however, that it was not without fault or neglect. In *Tennessee Central R. Co.* v. *Campbell*, 109 Tenn., 640, 648, 75 S. W., 1012, 1013, Mr. Justice SHIELDS, speaking for the Court regarding the common law writ of *certiorari*, said:

"The cases in which it will lie cannot be defined. To do so would be to destroy its comprehensiveness and limit its usefulness. It is peculiarly applicable to all cases where the judgment or decree complained of is pronounced in a statutory proceeding, and not according to the course of the common law, where the tribunal is exceeding its jurisdiction, where no appeal or writ of error

is allowed, *or these remedies have been lost without fault or negligence of the applicant,* and in all cases where errors in the adjudications of inferior courts over the judgments of which this has a revisory jurisdiction are sought to be corrected, and there is no other plain, speedy, and adequate remedy; and wherever this writ will lie a *supersedeas* will be granted to stay the proceedings under the judgment or decree sought to be reviewed, in the sound discretion of the court, much the same as in cases where it will be when a writ of error is granted.'' (Italics ours.)

We think the italicized words are applicable here and that *certiorari* and *supersedeas* will lie where one is deprived of a legal right, provided the right involved is not subordinate to some other right that may be involved. In other words, the Court would not undertake to decide a part of the case on petition for *certiorari* and *supersedeas* and another upon appeal in the nature of a writ of error. It cannot be doubted that every litigant has a constitutional right to have his case reviewed in the appellate courts, and a litigant deprived of this right without fault on his part is entitled to relief. *State ex rel. Terry* v. *Yarnell,* 156 Tenn., 327, 5 S. W. (2d), 471. In the North Carolina cases cited in this opinion, and especially *Simonton* v. *Simonton, supra*; also in *Sanders* v. *Norris,* 82 N. C., 243; the Court holds that the writ of *certiorari* is the proper remedy. In all of these cases, however, the applicant must be without fault or neglect. In *Sanders* v. *Norris, supra,* it was said: ''Where the papers in the case and notes of the trial of an action have been lost or mislaid, the only mode by which justice can be had is to grant a new trial, *if it appear that the party seeking it has been guilty of no laches.*'' (Italics ours.) The fatal weakness of defendant's case is that it failed to

show proper diligence in presenting the bill of exceptions to Judge GAILOR before he took the oath as an Associate Justice of the Supreme Court. The petition for *certiorari* and *supersedeas* fails to give any reason for not presenting it to him before his elevation to the higher court, the defendant being content to merely aver that the trial judge vacated his office on June 7, 1943. There is no averment that it was thus taken by surprise and had no opportunity to contact him before he took the oath of office as a Justice of the Supreme Court and that the bill of exceptions was not complete and ready for his signature prior to June 7th. Moreover, there is no showing whatever in the petition that the bill of exceptions could not have been completed and presented to the trial judge before he took over his new office. In all the cases cited by counsel as authority for granting a new trial through the common law writ of *certiorari*, it is expressly held that a new trial will be granted only when "the party seeking it has been guilty of no laches." *Sanders v. Norris, supra.* We think there must be a sufficient statement of facts in the petition to show that the petitioner was without fault or neglect before the remedy is available.

The circumstances surrounding the appointment of Judge GAILOR as the successor of Justice DeHAVEN were well known to defendant's counsel, as they were to every lawyer in Memphis. Judge GAILOR was sitting as a Special Justice of this Court at the time of Justice DeHAVEN's death. The counsel had every reason to believe that he would be given a permanent appointment. Certainly there is nothing in the petition to indicate that he had no reason to anticipate it. Confronted with this situation no effort was made to contact the judge and have him sign the bill of exceptions following the death of Justice

DeHaven and before Judge Gailor was commissioned by the Governor. We have the right to assume that the judge was ready and willing to perform every duty devolving upon him in disposing of matters pending in the Circuit Court, including the signing of all bills of exceptions, and would have deferred taking his new office if necessary to complete his duties as Circuit Judge. The situation is analogous to that shown in *Tennessee Central Railroad Co.* v. *Tedder*, 170 Tenn., 639, 98 S. W. (2d), 307, 310, where the trial judge had left the state without signing the bill of exceptions. In that case Mr. Justice DeHaven, speaking for the Court, made the following observation:

"The trial judge was in New York City, and the court can take judicial knowledge of the fact that within the 4 or 5 days the trial judge could have returned to his jurisdiction. It does not appear that counsel for complainant requested the trial judge to so return. On the contrary, counsel apparently was satisfied with the placing of the name of the trial judge on the bill of exceptions by the clerk of the court. The trial judge might have returned had he been so requested. That is a matter of mere speculation, of course; but whether he would have yielded to the request or not, *it is essential to complainant's case that such request should have been made. It seems that complainant, in failing to request the judge to return and sign the bill of exceptions, cannot be held to be without fault.*" (Italics ours.) 170 Tenn., at pages 647, 648, 98 S. W. (2d), at page 310.

It is not at all "speculative" to say that Judge Gailor would have deferred taking over his new office for a few days (and defendant had only seven days remaining within which to file the bill of exceptions), had he been requested to do so. This is bound to be true, since it was his

duty to conclude all business pending before him before assuming the duties of his new office. For the defendant, without any reason, to thus withhold its application, avoid contacting the trial judge, and undertake to rely upon its legal right until the last hour of the last day to present the bill of exceptions for his approval, shows that it was not without fault or neglect.

The assignments of error are accordingly overruled and the judgment of the Court of Appeals is affirmed.

GAILOR, J., did not participate in this case.