ALLEY *et al. v.* SCHOOLFIELD, JUDGE, *et al.*

(*Knoxville,* September Term (May Session) 1952.)

Opinion filed June 5, 1953.

On Petition for Rehearing July 17, 1953.

542

T. O. Jewell, of Chattanooga, for appellant.

Raymond A. Graham, Ray L. Brock, Jr., and W. Corry Smith, District Attorney General, all of Chattanooga, for appellees.

Mr. Justice Gailor delivered the opinion of the Court.

The Appellants, who were the Complainants in the original bill, filed the bill in the Chancery Court of Hamil-

ton County, against the Criminal Judge, the Criminal Court Clerk, and the Sheriff of Hamilton County, to enjoin execution of criminal judgments against the Complainants, and to grant them new trials in the criminal causes out of which the judgments arose. The bill was met by demurrer, which the Chancellor sustained, and on appeal, this Court reversed and remanded the cause for hearing on the merits. On the remand, a demurrer, coupled with an answer, was filed, as was a stipulation of facts, and after a hearing on these pleadings and argument of counsel, the Chancellor entered a decree by which the bill of complaint was dismissed and the injunction theretofore granted was continued in effect, pending the disposition of the cause in this Court. The Complainants have perfected this appeal.

The only question presented is whether on the facts stated in the stipulation, the Complainants are entitled to a decree for a new trial of the criminal cause out of which the criminal judgment arose. If the Complainants are not entitled to a new trial, the criminal judgments are final and enforceable. The stipulation is as follows:

"Come the complainants by their attorney, E. B. Baker, and the defendants by their counsel, Cardinal Woolsey, Assistant Attorney General and make the following agreement and stipulation:

"1. That the criminal case was tried before Honorable Raulston Schoolfield on May 24, 1950, at which time the defendants in the State's case were found guilty.

"2. That motion for a new trial was heard and overruled on June 3, 1950, at which time defendants in the State's case were given 60 days in which to perfect and file their bill of exceptions, and that said

bill of exceptions was signed by the trial judge on August 3, 1950.

"3. That the bill of exceptions filed in this cause did not include defendants' Exhibit 1, Search Warrant, but same was filed by order of Judge Schoolfield on September 14, 1950, said exhibit being made a part of the record.

"4. The sole assignment of error to the Supreme Court was that the conviction was invalid in that the search warrant used by the State was invalid; nevertheless said search warrant was not a part of the bill of exceptions as tendered to the trial judge, signed by him on August 3, 1950 because Richard Smith, court reporter, failed to include the said search warrant in the original bill of exceptions, as attested to by him by his oath, filed on September 14, 1950.

"5. That said search warrant was omitted from the bill of exceptions in the criminal case, by the court reporter."

█ █ From this statement, it is clear that the only question undertaken to be presented on the former appeal of the criminal case was the validity of the search warrant under which the evidence was obtained to support the conviction. It is equally clear that the search warrant, itself, which was the only evidence upon which this Court could have reviewed the evidence and its validity, was not properly preserved and presented to this Court on the former appeal. When the Trial Judge undertook to sign the search warrant and incorporate it in the bill of exceptions, he had lost jurisdiction of the cause and was without authority so to do. *Fine* v. *State,* 183 Tenn. 117, 191 S. W. (2d) 173; *Turner* v. *State,* 187 Tenn. 309, 321, 213 S. W. (2d) 281; *Bass* v. *State,* 191 Tenn. 259, 267, 231

S. W. (2d) 707; *State ex rel. Britt* v. *Burns,* 192 Tenn. 514, 516, 241 S. W. (2d) 551.

While the stipulation does not disclose that the Complainants, individually, were guilty of negligence, yet it specifically shows that the agent of the Complainants, the Court Reporter was guilty of negligence, and that the Complainants or their agents, did not properly prepare the record for review by this Court on the former appeal of the criminal case.

██ ██ Such being the situation, the question on this appeal is whether the Complainants, on a bill in Chancery Court, seeking equitable relief, are entitled to a new trial in spite of their negligence in preparing the appeal in the criminal case.

The limitation of this equitable relief is thus stated by Gibson:

"When, therefore, by the fraud of the plaintiff, or by reason of some accident, surprise or mistake, *without any fault on his part,* an unjust judgment had been rendered in a Court of law, the defendant was granted relief in Equity." Gibson's Suits in Chy., 1937 ed., Sec. 1206, p. 1012. (Our emphasis.)

"In *Dennis* v. *The State,* 137 Tenn. 543, 195 S. W. 162, this court, following a line of authorities cited, held that every litigant had a constitutional right to have his case reviewed in the appellate courts, and relief would be awarded such litigant *if he was deprived of such right without fault of his own."* *State ex rel. Terry* v. *Yarnell,* 156 Tenn. 327, 330, 5 S. W. (2d) 471. (Our emphasis.) *Larkey Lbr. & Wrecking Co.* v. *Byrnes,* 181 Tenn. 405, 411, 181 S. W. (2d) 361.

██ Since we hold under these authorities, that the Complainants do not show themselves to be without fault in making the application in a Court of Equity for a new

trial, we do not reach the further question whether it is necessary to support the application with a showing that they have a meritorious defense. *Maddox* v. *Apperson,* 82 Tenn. 596; *Keith* v. *Alger,* 114 Tenn. 1, 85 S. W. 71.

It results that the decree of the Chancellor dismissing the bill, is affirmed, and an order will be entered here dissolving the injunction. The Appellants will pay the costs.

## On Petition to Rehear.

Petition to rehear has been filed in this Chancery cause, seeking to have this Court remit a jail sentence imposed in the final judgment of Alley v. State, Hamilton Criminal, which judgment was affirmed by this Court on December 9, 1950.

Not only is the relief sought beyond the scope of the pleadings in this case, but the judgment in the criminal case has long since become final, and beyond our jurisdiction to review. *State* v. *Bank of Commerce,* 96 Tenn. 591, 36 S. W. 719; *Oliver* v. *State,* 164 Tenn. 555, 51 S. W. (2d) 993.

Petition denied.