Darden *v.* Williams.

DARDEN *v.* WILLIAMS.

(*Nashville.* March 14, 1898.)

BILL OF EXCEPTIONS. *Must be authenticated by judge who conducted trial.*

A bill of exceptions authenticated by a judge who did not preside at the trial is a nullity.

Cases cited: 130 Ind., 389; 37 Ark., 370.

FROM WILSON.

Appeal in error from Circuit Court of Wilson County. W. C. HOUSTON, J.

J. H. SANDERS, R. P. McCLAIN and E. E. BEARD for Darden.

L. THOMPSON, R. CANTRELL and TARVER & GOLLADAY for Williams.

BEARD, J. This case involved an issue of *devisavit vel non* as to the will of William Lillard, the trial of which resulted in a verdict sustaining the will. The contestants are in this Court by appeal, and have assigned many errors upon the action of the trial Judge in his rulings upon the testimony as well as a portion of his general charge, and on his

failure to grant special requests. These errors, how-ever, we cannot consider because of the anomalous condition of the bill of exceptions. Waiving a number of serious objections to it which might be taken, a vital defect is that it shows that the Circuit Judge presided over the trial of the cause, and made all the rulings that are now complained of, and yet it is authenticated by the Chancellor of the division, embracing Wilson County, who had no connection with the trial, or, save for his signature, with the bill of exceptions.

Such a bill is a nullity. The rule is well settled that where an unsuccessful litigant seeks to avail himself of some point of law in a Court of last resort, which he thinks has been improperly ruled against him in the Court below, unless the error complained of appear on the face of the "record proper," he must present it and the facts on which it arises by a properly signed bill of exceptions. The duty of preparing this bill rests on him, and if it is insufficient or obscure, the loss must fall on him. 2 Elliott's Genl. Pr., Sec. 1059.

As the office of the bill of exceptions is to put in permanent form and bring into the record that which transpires during the trial of a cause, and which is no part of record proper (*Id.*, Sec. 1056; Caruthers' Hist. of Lawsuit (1st Ed.), Sec. 393), it is apparent that it should be authenticated by the presiding Judge, who has personal knowledge of what did occur, and who made the various rulings

complained of. Its settlement is a judicial duty, and cannot be delegated, and, when settled and signed by him, it imports absolute verity. 2 Elliott's Genl. Pr., Sec. 1060; 130 Ind., 389; *Watkins* v. *State*, 37 Ark., 370.

The result is, there being no error in the face of the record, the judgment of the Court below is affirmed.