## L. B. SMARTT v. A. B. WOODLEE.

Middle Section.    April 2, 1927.

No petition for Certiorari was filed.

1. **Appeal and error. A transcript of the record must be duly certified by the clerk of the trial court.**
   A transcript of the record can not be effective as such until duly certified by the clerk of the trial court.

2. **Appeal and error.  Transcript of record.  Duty of clerk to copy into transcript all papers filed unless counsel designate the part to be copied.**

It is the duty of the clerk of the trial court to copy into the transcript of the record all papers filed in the case unless counsel for the parties designate the part to be copied.

3. **Costs.  Party attempting an appeal will be taxed with costs in the appellate court.**

Where a party sought to perfect an appeal but the transcript filed was not signed by the clerk, held that since the party was attempting to bring up the cause, the cost accruing in the appellate court would be adjudged against him.

Appeal in Error from Circuit Court, of Grundy County; Hon. John T. Ralston, Judge.

Order striking the case from the docket.

W. P. Smith, of Nashville, for plaintiff in error, Smartt.

Haston & Turner, of McMinnville, L. V. Woodlee of Altamont, and Jeff D. Fults, of Tracy City, for defendant in error, Woodlee.

CROWNOVER, J.  A purported transcript of the record in the above-styled action was filed in the office of the clerk of this court on October 3, 1926; that is to say, the contents of said transcript, if it could be considered for any purpose, indicates that it is a transcript of the record of the case of the above style, tried and determined in and by the circuit court of Grundy county and appealed in error by the unsuccessful plaintiff to this court.

No assignment of error has been filed, but counsel for plaintiff in error Smartt has moved the court for a retaxation of the cost, in that, he seeks to have certain cost, taxed in favor of the circuit court clerk, disallowed, because he had copied certain depositions filed in the lower court into the transcript that were not included in the bill of exceptions.

If we could look to the purported transcript, this motion should not be sustained, because it is the duty of the clerk below to copy all papers filed in the case into the transcript, unless counsel for the parties designate the part to be copied.  See Acts 1903, chapter 35; Caruther's History of a Law Suit (5 Ed.), 331.

However, the motion is not well made as we cannot consider the record upon this motion for the reasons herein below given.

Upon an examination of the record we find that the transcript is not certified by the clerk of the circuit court or by any one else. The usual form of certificate appears at the conclusion of the transcript but at last the signature of the clerk which alone can make it effective is not affixed.

Mr. Justice Faw in an opinion in the case of George G. Wright v. Elizabeth R. Eakin, et al., Davidson County Equity, at the September term, 1923 said:

"The Clerk and Master is the legal custodian of the records of the chancery court, and the only medium through which this court can know the contents of a record in that court, or can know that a case has been appealed from that court to this, is the certificate of the Clerk and Master.  The filing of the purported transcript here in question and the entry of the case on the docket of this court here, was therefore inadvertent and without authority of law.  "An order will be entered striking the case from the docket of this court.

"Shannon's Code, sec. 4957 provides that: 'Where a suit is dismissed from any court for want of jurisdiction, or because it has not been regularly transferred from an inferior to a superior court, the costs shall be adjudged against the party attempting to institute or bring up the cause.' "

The instant case is in exactly the same situation as the case of Wright v. Eakin, supra, and it results that an order will be entered striking the case from the docket of this court.

Save for the above quoted statute, no cost could be taxed by this court in the present instance; but the plaintiff in error has followed the attempted appeal in error to this court and has made a motion for a retaxation of cost or rather that certain costs be disallowed. It thus appears that he is attempting to bring up the cause.  The cost accruing in this court will, therefore, be adjudged against the plaintiff in error L. B. Smartt, but no cost will be taxed for making the transcript of the record.  However, if plaintiff in error L. B. Smartt or the clerk of the circuit court of Grundy county for any reason desire to do so, may withdraw said purported transcript from the files of this court for the purpose of properly bringing the case to this court.

DeWitt, J., and Henderson, Special, J., concur.