STATE OF TENN., *ex rel.* HENRY L. TERRY *v.* OSCAR YARNELL, JUDGE, ETC.*

(*Knoxville.* September Term, 1927.)

Opinion filed January 5, 1928.

## 1. BILL OF EXCEPTIONS. MANDAMUS. JURISDICTION.

This court cannot direct the trial judge to authenticate a bill of exceptions which he says is inadequate and does not contain all the evidence. (Post, p. 329.)

Citing: State v. Cooper, 107 Tenn. (23 Pick.), 202.

## 2. NEW TRIAL. MANDAMUS. JURISDICTION.

This court is without authority to compel the trial judge to entertain a motion for a new trial offered more than thirty days after final judgment. (Post, p. 329.)

Citing: Feldman v. Clark, 153 Tenn. (26 Thompson), 373; Ellis & Gresham v. Ellis, 92 Tenn. (8 Pick.), 471; Railroad v. Ray, 124 Tenn. (16 Cates), 16.

## 3. NEW TRIAL. EQUITY JURISDICTION. CONSTITUTIONAL RIGHT.

Every litigant has a constitutional right to have his case reviewed in the appellate courts and relief will be awarded if he was deprived of such right without fault of his own, and a bill in equity will lie to compel the circuit court to award a new trial. (Post, p. 330.)

Citing: Dennis v. State, 137 Tenn. (10 Thomp.), 543; Gibson's Suit in Chancery, 2 Ed., sec. 1206.

---

*Headnotes 1. Appeal and Error, 4 C. J., section 1923; 2. Mandamus, 38 C. J., section 137.

---

FROM HAMILTON.

---

Petition for Mandamus filed in the Supreme Court.

L. ROBINSON MADDUX, MARIE A. FLYNN and BERNARD C. FRASSRAND, for plaintiff in error.

CHAMLEE & CRUTCHFIELD, for defendant in error.

MR. CHIEF JUSTICE GREEN, delivered the opinion of the Court.

This matter is before us upon the application of peti-- tioner for mandamus to require the trial judge to sign a bill of exceptions tendered to him, or, in the alternative, to require the trial judge to grant a new trial to peti-tioner, who was cast in the suit below.

It appears from the petition that this was a will con-test—petitioner contesting the will of a deceased brother. There was a judgment in the trial court sustaining the will. Petitioner made a motion for a new trial which was overruled and he was granted an appeal in error and allowed sixty days in which to file his bill of exceptions. Well within the sixty days the petitioner prepared a bill of exceptions and took it to adverse counsel for ap-proval. According to the averments of the petition, ad-verse counsel said that he would not O. K. any bill of exceptions in the case. Petitioner then appealed to the trial judge. The latter seems to have had a rule that he would not sign a bill of exceptions unless it was ap-proved by counsel for both parties. The petition charges that some further negotiations were had with counsel, but that no agreement could be reached between counsel for the parties with reference to the bill of exceptions. The trial judge took the position that he did not recall

the evidence well enough to settle a bill of exceptions and refused to make the effort. The trial judge did say that the bill of exceptions prepared by petitioner did not contain all the evidence, or was not adequate, but it seems from the petition that the trial judge made no suggestions as to additions to or corrections of the bill of exceptions, and broadly stated that his recollections of the proof was too uncertain to permit him to verify any bill of exceptions.

As stated heretofore, the petitioner acted with due diligence in the matter and presented his version of the bill of exceptions to adverse counsel and to the trial judge in ample time to have the matter settled before the expiration of the sixty days. We do not see that the petitioner or his counsel has been at all remiss in the matter, and the sixty days passed without the preservation of any bill of exceptions.

Some time later petitioner undertook to make a motion for a new trial, which motion the circuit judge declined to allow to be filed.

Under the circumstances detailed, the petitioner comes to this Court asking the relief heretofore indicated.

(1) This Court cannot direct the trial judge to authenticate a bill of exceptions which he says is inadequate and does not contain all the evidence. *State* v. *Cooper,* 107 Tenn., 202, and cases cited. Hence the first relief prayed in the petition must be refused.

(2) Likewise this Court is without authority to compel the trial judge to entertain a motion for a new trial offered more than thirty days after final judgment. *Feldman* v. *Clark,* 153 Tenn., 373; *Ellis & Gresham* v. *Ellis,* 92 *Tenn.,* 471; *Railroad* v. *Ray,* 124 Tenn., 16. Hence the prayer for alternative relief must be denied.

*(3)* In *Dennis* v. *The State,* 137 Tenn., 543, this Court, following a line of authorities cited, held that every litigant had a constitutional right to have his case reviewed in the Appellate Courts and relief would be awarded such litigant if he was deprived of such right without fault of his own.

Under the principle announced in *Dennis* v. *The State, supra,* assuming that the facts stated in the petition are true, we are of opinion that a bill in equity would lie on behalf of petitioner to compel the Circuit Court to award him a new trial. Such is the relief, to which a party deprived of his appeal without fault, is held to be entitled in *Dennis* v. *The State.*

The jurisdiction of a Court of Equity to award a new trial at law, in a proper case, is well settled. Gibson's Suits in Chy. (2d Ed.), sec. 1206, *et seq.,* and cases cited.