T. J. Moulton *v.* The State.

(*Jackson*, April Term, 1931.)

Opinion filed June 11, 1931.

(1)

H. L. CLARKE and ROSCOE BOND, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

In this case the attorney-general moved for an affirmance because the bill of exceptions was not signed and filed within the time allowed in the order overruling the motion for a new trial.

Counsel for the plaintiff in error files an affidavit setting out that the bill of exceptions was prepared by him well within the time allowed and, under a rule of the trial court, was presented to the district attorney-general for approval. That the district attorney-general approved the bill of exceptions as gotten up and undertook to present the bill of exceptions to the trial judge for authentication. The district attorney-general files a statement in which he says, according to his recollection, he did present the bill of exceptions to the trial judge. Apparently the bill of exceptions was overlooked. It was not signed nor was it filed with the clerk below until after the expiration of the period allowed.

Under these circumstances, it seems that plaintiff in error has filed a bill in the Chancery Court of Haywood County on the theory that he has been deprived of his appeal without fault on his part and is asking that the chancellor award him a new trial. Meanwhile he asks this court for a continuance of the cause to the next term

until the chancellor shall have disposed of the bill just mentioned.

The court is unable to grant this petition. The chancellor obviously cannot grant the relief sought in the bill referred to, while the case is pending in this court. That would be an interference with the proceedings of this court which the chancellor would not undertake. The chancellor would doubtless refuse to hear any application of the kind until the appeal in this court was dismissed.

To avoid useless delay in the matter, we may add that it would profit the plaintiff in error nothing to dismiss his appeal. The chancellor could not award him a new trial on the showing made in his bill. Such relief could only be granted where a party was deprived of his appeal without fault on his part. *Terry* v. *Yarnell,* 156 Tenn., 327. Such is not the case before us.

It is the duty of one seeking a review of an adverse judgment or decree, where a bill of exceptions is necessary to present the errors complained of, to prepare the bill of exceptions and to see that it is approved and signed by the trial judge and seasonably filed with the clerk of the court below. Upon the statement of counsel for plaintiff in error it appears that he intrusted the performance of this duty to the district attorney-general. This was no part of that functionary's official duty, and obviously he only undertook this service as a matter of accommodation. In other words, counsel for plaintiff in error delegated the performance of his duty to another —selected an agent. The agent having failed, the principal is responsible and must bear the consequences of this failure.

In *Terry* v. *Yarnell, supra,* the plaintiff in error did everything possible to preserve his rights and was deprived of his appeal by the course taken by the trial judge. So in *Dennis* v. *State,* 137 Tenn., 542, the plaintiff in error was deprived of his appeal by circumstances which he could not control. Likewise, in the unreported case of *Abbott* v. *State* (Jackson, 1930), the plaintiff in error was deprived of his appeal by the action of the district attorney-general, to whom, under rule of court, it was necessary to present the bill of exceptions for approval before it would be authenticated by the trial judge. The district attorney-general lost the bill of exceptions.

In the case before us, if counsel for plaintiff in error had presented this bill of exceptions to the trial judge himself, it having been approved by the district attorney-general, the trial judge would doubtless have signed it at once or at least in due season, and counsel might have filed it in time.

For the reasons stated, the application for a continuance is overruled, the motion of the attorney-general is granted, and the judgment below is affirmed for want of bill of exceptions.