KELLY v. CANNON.—117 S. W. (2d) 760.

Middle Section.  May 19, 1937.

On the Merits March 26, 1938.

Certiorari Denied by Supreme Court, June 11, 1938.

Z. Alexander Looby, of Nashville, for plaintiff in error Clara Kelly."

Jno. C. Sandidge and Jno. M. Cate, both of Nashville, for defendant in error Annie Mai Cannon.

CROWNOVER, J.   This case is before us on petition for an alternative writ of mandamus to compel the circuit judge to sign a bill of exceptions, which alleged bill of exceptions was made exhibit A to the petition.

It is alleged in the petition that the case of Clara Kelly v. Annie Mai Cannon was tried before the circuit court on an issue of devisavit vel non, and a verdict was returned in favor of the proponent of the will which was followed by a judgment sustaining the will and ordering its probate.   The contestant's motion for a new trial was overruled and she appealed in error to this court.

It is further alleged that the petitioner prepared and tendered to the trial judge a bill of exceptions containing all the evidence introduced at the trial on the question of the execution and attestation of the will, but that it did not contain all the evidence relative to the testamentary capacity of the testator, and that there was considerable evidence on this question, which would cost the plaintiff in error in excess of fifty dollars to have transcribed, and as the proponent is only contesting the execution and attestation of the will she deemed it unnecessary to have all the other evidence touching the testamentary capacity of the decedent included in the bill of exceptions, and under the statutes, New Code, secs. 9056, 9057, she designated only that part of the record necessary to try this issue on appeal.

She further alleged that she presented this bill of exceptions containing only the evidence on that issue to the trial judge who refused to sign and authenticate the same because it did not contain all the evidence adduced at the trial.   Therefore she prayed for an alternative writ of mandamus to compel the trial judge to sign the bill of exceptions as tendered.

■■   We must deny this petition for two reasons:

(1)   Because the technical record is not filed in this Court showing that an appeal was prayed, granted and perfected giving this court jurisdiction to pass on the question.   It was necessary for the petitioner to have presented the technical record duly certified by the clerk showing that the appeal in error had been perfected.   Smartt v. Woodlee, 5 Tenn. App., 59; Tennessee Procedure by Higgins & Crownover, Sec. 2494.

(2)   The appellate courts cannot direct the trial judge to authenticate a bill of exceptions that does not contain all the evidence.   State ex rel. Terry v. Yarnell, Judge, 156 Tenn., 327, 5 S. W. (2d), 471.

The appellate courts may mandamus a trial judge to sign a bill of exceptions when it contains all the evidence.   Tennessee Procedure

by Higgins & Crownover, secs. 1908-1911, 2493. But this court cannot direct the trial judge to authenticate a bill of exceptions where it is inadequate and does not contain all the evidence. State v. Yarnell, supra; State v. Cooper, 107 Tenn., 202, 64 S. W., 50.

█ █ Code, secs. 9056, 9057, authorizing the designation of parts of the record on appeal, have no application to bills of exceptions. See State ex rel. Terry v. Yarnell, supra. This case was decided long after the Act 1903, Ch. 35, was passed. It would be dangerous practice to permit the plaintiff in error to designate only the evidence that he wanted. It is his duty to prepare the whole bill of exceptions. Moulton v. State, 163 Tenn., 1, 41 S. W. (2d), 373.

Hence the relief prayed in the petition must be denied.

Faw, P. J., and Felts, J., concur.

## On The Merits.

CROWNOVER, J. This case was before us last May on petition for an alternative writ of mandamus to compel the Circuit Judge to sign a bill of exceptions, he having refused to sign the same for the reason that it was not complete and did not contain all the evidence. We refused the relief prayed for in the petition for the reasons stated in the opinion filed on May 19, 1937.

It appears that this is a will contest on an issue of devisavit vel non. The case was tried in the Circuit Court at its February term, and was decided against the contestant, Clara Kelly. Her motion for a new trial was overruled on April 24, 1937, and she was allowed thirty days from that date within which to prepare and have filed her bill of exceptions and to perfect her appeal.

After her petition for mandamus was denied in this court she went back to the lower court, on May 24, 1937, and upon motion was allowed fifteen days' additional time within which to prepare and have filed her bill of exceptions. This order was made at the May term of the Circuit Court, and the record shows that she filed her bill of exceptions on June 7, 1937, after the same had been signed by the trial judge.

She perfected her appeal by filing the pauper's oath within the time required by the statute, Code 1932, section 9047, and has filed her assignments of errors in this court, which are as follows:

"(1) The Court erred in proceeding to trial of this cause while same was not at issue.

"(2) That the Court erred as a matter of law in ruling that the execution of the paper instrument purporting to be the will of Lawrence Laine, deceased, had been proved as a matter of law.

"(3) That the Court erred in permitting the proponent to in-

troduce the said paper instrument as the Last Will and Testament of Lawrence Laine, deceased.

"(4) That the Court erred in overruling contestant's motion for a directed verdict at the close of all the evidence."

The defendant at the outset has moved this court for an order striking from the record the bill of exceptions filed in this cause and for affirmance of the judgment of the lower court, because the bill of exceptions was filed after the expiration of the thirty days allowance by the order made on April 24, 1937, which was at the February term of the court, as the court had no jurisdiction to make an order on May 24th extending the time for the filing of the bill of exceptions.

After an examination of the record and the authorities we are constrained to sustain the motion to strike the bill of exceptions, as the trial court had no jurisdiction to make an order at a subsequent term of the court extending the time for the filing of the bill of exceptions.

Section 8820 of the Code provides:

"In all cases of appeal, and appeal in the nature of writ of error from the circuit, criminal, county, and chancery courts to the supreme court, or the court of appeals, the judge or chancellor may, in his discretion, allow the parties time in which to prepare and file the bill of exceptions, not to exceed sixty days from and after the adjournment of the court."

In construing this statute our courts have uniformly held that an order purporting to extend the time for filing a bill of exceptions, made at a term subsequent to the rendition and entry of the judgment, and the grant of appeal, is coram non judice and void. Blanton v. Tenn. Central Ry. Co., 4 Tenn. App., 335.

This identical question was raised in the above case, and was approved by the Supreme Court in the case of Beiler v. State, 158 Tenn., 404, 14 S. W. (2d), 51, citing Scopes v. State, 152 Tenn., 424, 278 S. W., 57. Other cases in point on the subject are State v. Dalton, 109 Tenn., 544, 72 S. W., 456; Shaw v. Shaw, 152 Tenn., 360, 277 S. W., 898.

"The periods, then, during which a bill of exceptions may be lawfully filed, are these: (1) During the whole of the ordinary term of the court at which the cause is tried, if there be no order of that court fixing a shorter period within the term; (2) during such special period fixed by the court within the ordinary term if there be any such period fixed; (3) during any period not exceeding 30 days after the adjournment, which the judge may grant on his minutes prior to adjournment; (4) during any extension of the term, while such extension is still running and not adjourned to court in course; (5) or within 30 days after the final adjournment super-

vening the extension, if such time be granted by the judge by order on his minutes before final adjournment.

"In the absence of a bill of exceptions the court must conclusively presume that the evidence justified the verdict of the jury. Bundren v. State, 109 Tenn., 225, 230, 70 S. W., 368." Dunn v. State, 127 Tenn., 267, 276, 154 S. W., 969, 971.

Chapter 17 of the Private Acts of 1919 fixes the terms of the Circuit Courts in Davidson County and states that they shall be convened and held on the first Mondays in February, May, and October of each year; hence the February term of court had expired when the order made on May 24, 1937, was made extending the time for the filing of the bill of exceptions.

It results that the motion must be sustained and the bill of exceptions must be stricken from the record, and we cannot consider any of the assignments of errors predicated on the bill of exceptions.

But the assignments of errors numbers one and two raise the proposition that the court erred as a matter of law in holding that the paper writing purporting to be the will of Lawrence Laine had been properly executed and proved when the cause was not properly at issue, in that the petition stated that Lawrence Laine had executed his will on July 24, 1936, and that Clara Kelly had filed a petition in the County Court attacking the validity of the paper writing and denying that it was his will, whereas, she, the administratrix pendente lite, alleged that the paper writing shown to the court "is the last will and testament of the said Narcissus Butler"; and the contestant's plea stated that "the paper therein mentioned and described is not the last will and testament of Lawrence Laine, deceased." It is insisted, therefore, that there was no issue made by these pleadings, and that evidence thereon was not admissible.

By an examination of the petition and pleas it will be seen that the name of Narcissus Butler is a mere typographical error, which is cured (1) by the plea of the plaintiff in error to the declaration; (2) by the verdict of the jury; and (3) by the failure of the plaintiff in error to take advantage of the error in the court below.

It clearly appears that it is a typographical error and all the pleadings and the will itself show that it was a contest over the last will of Lawrence Laine, which was thoroughly understood by the contestants; hence these assignments of errors must be overruled.

It results that the judgment of the lower court must be affirmed, and the cause will be remanded to the Circuit Court of Davidson County in order that the Clerk may certify a copy of the order and transmit the same with the original will to the Clerk of the County Court, as heretofore ordered by the trial judge. The costs of the

cause, including the costs of the appeal, are adjudged against Clara Kelly.

Faw, P. J., and Felts, J., concur.