LEATH v. CARR.—122 S. W. (2d) 819.

Middle Section.   May 14, 1938.

Petition for Certiorari denied by Supreme Court, December 17, 1938.

Harold Howser, of Gallatin, for plaintiff in error.
Luther Creasy, of Gallatin, for defendant in error.

FELTS, J. Noel Carr sued G. W. Leath before a Justice of the Peace, the cause of action stated in the warrant being "a plea of debt by account under $500." Carr had judgment for $229.56 before the Justice. Leath appealed to the Circuit Court. In that Court Carr filed a rather detailed statement of his cause of action, in which it was set out that he had purchased a stock of goods and fixtures from Leath for the price of $2,000; that Leath represented to him that there was only $1,400 of debts owing to Leath's creditors; that thereafter Carr was required to, and did, pay said $1,400 and also $825 more of debts which were owing and outstanding, and which he was required to pay under the Bulk Sales Law (Code, sec. 7283 et seq.); and that Leath had agreed to reimburse him for the amount he had been required to pay in excess of $2,000, the agreed price for the stock of goods and fixtures.

In the Circuit Court upon the motion of defendant Leath, the cause was referred to the clerk and the clerk was ordered to hear proof and report upon seven questions which were designed to state the account between the parties. The clerk made a detailed report, the gist of which was that Carr had paid $2,229.36 of debts against the stock of goods and fixtures; that the agreed price for the same was $2,000; that, consequently, Leath was indebted to Carr in the sum of $229.36.

The evidence heard by the clerk on this reference was not preserved by bill of exceptions; and there was no exception filed to the clerk's report.

The report was filed by the clerk on May 31, 1937. On June 2nd Carr moved the court for a decree upon the clerk's report. The circuit judge confirmed the report and entered a judgment thereon in favor of Carr against Leath for $229.30 and costs.

Leath has appealed in error and assigned errors, by which he

insists that, since the evidence heard by the clerk was not preserved and there was nothing to enable the court to act upon the clerk's report, the court should have required the plaintiff to introduce evidence to make out his case.

■ Code, section 8774 provides: "If the matters in issue upon the pleadings are of·complicated account, the court of law may direct a reference to the clerk or a special commissioner, as in the court of chancery, allowing a trial by jury of any particular matters of fact arising upon such account."

It would seem that the proper procedure for the clerk to follow under this statute would be the same as that followed by a clerk and master in a suit tried according to the forms of chancery, except that there is no provision requiring the taking of depositions, or any other method for preserving the evidence heard by the clerk.

■ We think it was the duty of the parties, or either of them so desiring, to have the evidence heard by the clerk preserved in order to enable him to except to the clerk's report, and to enable the trial judge to have the evidence before him in acting upon the exceptions.

■ "It is the duty of one seeking a review of an adverse judgment or decree, where a bill of exceptions is necessary to present the errors complained of, to prepare the bill of exceptions and to see that it is approved and signed by the trial judge and seasonably filed with the clerk of the court below." Moulton v. State, 163 Tenn. 1, 4, 41 S. W. (2d) 373.

■ In this case the defendant, we think, should have had the evidence heard by the clerk reduced to writing, and should have excepted to the report, if he desired to do so, and should have brought the evidence and the exceptions to the attention of the trial judge and invoked his action thereon.

Without having done this, we think he is in no position to complain of the action of the court in confirming the clerk's report, and is in no position to complain in this court.

It results that the assignments of error are overruled and the judgment of the circuit court is affirmed. Judgment will be entered in this court in favor of Noel Carr and against G. W. Leath for $229.30, together with interest from the date of the judgment below and the costs of this cause.

Faw, P. J., and Crownover, J., concur.