Allison *v.* State.

(*Jackson,* April Term, 1949.)

Opinion filed July 9, 1949.

JOHN A. SHELTON, WILL TOM ABERNATHY, both of Selmer, for plaintiff in error.

J. MALCOLM SHULL, Assistant Attorney General, for the State.

MR. JUSTICE GAILOR delivered the opinion of the Court.

Defendant appeals from unlawful possession of a still and the unlawful manufacture of whisky. For the offense he was sentenced to punishment by fine of $250 and six months imprisonment in jail.

The only question presented by the appeal is whether on the facts, the search without a warrant was legal, and the evidence so obtained admissible.

Three deputy sheriffs searched a lot owned by the Defendant and his wife. During the search one of the officers found the Defendant at a still. When Defendant realized the presence of the officers, he tried to make his escape, but apparently on account of the thickness of the undergrowth, he ran over a fence and fell, and was so arrested. The officers had no search warrant although they had suspected that Defendant was manufacturing whisky for some time, and had made previous search of the premises. They simply ignored the legal requirement for a warrant. The woodlot where the still and nine gallons of illicit whisky were found was a halfmile from Defendant's dwelling, but the lot was a fenced enclosure used for pasture.

"The pasture did not adjoin the dwelling; Hence was not of the curtilage." *Allen* v. *State,* 161 Tenn. 71, 73, 29 S. W. 2d 247.

"In our opinion, the word 'possessions' was added for a purpose, and means more than houses or mansions, something in addition thereto. We see no reason why this word should not be given the ordinary meaning ascribed to it by lexicographers. In our opinion, it refers to property, real or personal, actually possessed or occupied.

．　．　．　．　．　．

"The word 'possessions' would not include wild or waste lands, or other lands that were unoccupied." *Welch* v. *State,* 154 Tenn. 60, 62-63, 289 S. W. 510.

█ Apparently, from its brief, the State concedes that the facts here are substantially identical with those of the case of *Henry Stinett* v. *State,* Blount Criminal, unpublished opinion, Knoxville, December 1948. The search there was found to be illegal and we feel bound by that authority, on the facts before us here.

█ The State insists that with the testimony of the three deputy sheriffs excluded, that nevertheless, the testimony of Defendant's wife is sufficient to support a conviction. With this we do not agree. The wife denied all knowledge of the still as it was in operating condition, and all knowledge of whisky. Her only admission was that after the officers had made their visit and destroyed the still, that she had seen some old barrels and broken glass. We think this was insufficient to support the conviction.

█ Our obligation under Code Section 11810, would compel a reversal in any event, since it appears from the

record before us that the Honorable Robert A. Elkins presided at the trial of the case, and that the Honorable Mark A. Walker undertook to pass on the motion for a new trial and certify the bill of exceptions. *Darden* v. *Williams,* 100 Tenn. 414, 45 S. W. 669.

Reversed and remanded.

All concur.