James GRACE, Petitioner,

v.

Lake F. RUSSELL, Warden, Tennessee
State Penitentiary, Nashville, Tennessee, Respondent.

Civ. A. No. 2240.

United States District Court
E. D. Tennessee,
Northeastern Division.

Sept. 10, 1968.

Supplemental Opinion Sept. 17, 1968.

John S. McLellan, Jr., Kingsport,
Tenn. (appointed), for petitioner.

David W. McMackin, Asst. Atty. Gen.,
Nashville, Tenn., for respondent.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The petitioner Mr. Grace, now being held in custody under a sentence of life imprisonment by the respondent warden of a Tennessee penitentiary, pursuant to the judgment of the Criminal Court of Washington County, Tennessee on convictions of armed robbery and being an habitual criminal, has applied for the federal writ of habeas corpus claiming that he is in such custody in violation of the Constitution of the United States, 28 U.S.C. § 2254(a). He has petitioned this Court to request an attorney to represent him in this proceeding, 28 U.S.C. § 1915(d).

Exhibits to the answer filed herein by the respondent indicate the strong possibility that Mr. Grace's detention may have resulted substantially from deprivation of rights guaranteed him by the Fourteenth and/or Sixth Amendments to the federal Constitution. Cf. Douglas v. Alabama (1965), 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934, 938 [4]; Bruton v. United States (1968), 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, 480; Pointer v. Texas (1965), 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. However, this Court has no jurisdiction to grant the petitioner's application for the federal writ " * * * unless it appears that the applicant has exhausted the remedies available in the courts of the State * * *." 28 U.S.C. § 2254(b). " * * * An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The questions presented here seem to be:

(a) was the petitioner accorded a fair trial by the Criminal Court of Washington County, Tennessee in 1961?

and

(b) was the petitioner denied his federal constitutional rights to be confronted by a witness against him and to cross-examine such witness in the aforesaid trial?

Following his convictions in that court, Mr. Grace filed a motion for a new trial, in which the question of whether his right to confrontation and cross-examination of an accomplice, who had confessed to the same crime and implicated Mr. Grace, was raised, at least inferentially. Of course, this also raises by inference the further and overall question of whether the petitioner received in his criminal case a fair trial. Such motion was denied summarily by the trial judge, who granted Mr. Grace an appeal and allowed him 60 days in which to file with the clerk of that court a bill of exceptions.

Counsel for Mr. Grace appears to have filed such bill within the time allotted, and same was properly certified by the prosecuting attorney and the trial judge. However, when the record reached the Tennessee Supreme Court on appeal, a motion of the Attorney General of Tennessee to strike the bill of exceptions, on the ground that it did not affirmatively appear therefrom that same had been filed, was granted, and the said judgments of conviction were affirmed on the technical record.

Thereafter, Mr. Grace applied to the courts of Tennessee for the state writ of habeas corpus. That application does not appear in the aforementioned exhibits, but, in denying the application, the state hearing judge found that Mr. Grace had been convicted in a fair trial, in which none of his federal or state constitutional rights were violated. Those findings and conclusions were affirmed on appeal to the Tennessee Supreme Court. However, in the foregoing process, it appears that neither of such courts reviewed the transcript of the proceedings in the trial court which had been preserved in the stricken bill of exceptions.

It appears to this Court that there may be a corrective process in Tennessee jurisprudence under the authorization of which Mr. Grace may yet pursue his remedies in the courts of Tennessee, viz., " * * * Whenever a person is liable to be injured inequitably by * * * a judgment rendered * * *, he may protect himself by an injunction. * * * " 2 Gibson's Suits in Chancery (Crownover, 5th ed.), 58–59, § 860. " * * * An injunction against a judgment at law will be granted on application of the defendant to the judgment, if he show (1) that he had a valid legal defence to the suit on the merits, and (2), that he was prevented from making that defence by * * * some accident or mistake [see infra], and (3) that there was no negligence, or other fault, on his part, or on the part of his * * * attorneys. * * * " Ibid., at page 62, § 860.

" * * * Under the laws of Tennessee, after a motion for a new trial is overruled in a criminal case, a defendant is entitled as a matter of right to an appeal in the nature of a writ of error to the Supreme Court of the state. T.C.A. § 40–3401. * * * Under state law, an appeal in the nature of a writ of error * * * may be made * * * both upon the technical record and the transcript of the evidence, if such evidence has been preserved by the timely filing in the trial court of a bill of exceptions.

&ast; &ast; &ast; &ast; &ast; &ast;

" * * * It is well settled under Tennessee law that unless the bill of exceptions is filed within the time allowed by statute it cannot be considered by an appellate court. [Citations omitted here.]

&ast; &ast; &ast; &ast; &ast; &ast;

"Since the bill of exceptions was not filed within such [60] day period, * * * the petitioner's right to have his conviction reviewed on the transcript of the evidence at the trial was effectively foreclosed and frustrated. While at any time within two years the technical record could have been filed in the [Tennessee] Supreme Court for review, such review would have been extremely limited and would not have reached the alleged er-

rors at the trial of which the petitioner complained.

\* \* \* \* \* \*

" \* \* \* It needs no argument to demonstrate that under our present-day conception the right of appeal while perhaps not an indispensable ingredient of due process of law, is nevertheless a valuable and substantial right, certainly so in a \* \* \* case where a long term of imprisonment has been imposed. \* \* \* " Coffman v. Bomar, D.C.Tenn. (1963), 220 F.Supp. 343, 346–347.

Although the concern in *Coffman*, supra, was with an indigent state prisoner who had been discriminatorily deprived of his right to appeal, when his court-appointed attorneys decided privately not to comply with his request to perfect an appeal from his conviction without ever so advising Coffman, and Mr. Grace was not an indigent at the time of his trial, and was represented by retained counsel, the foregoing exposition of Tennessee law and the dilemma in which the respective prisoners found themselves present a remarkably analogous situation. Here, Mr. Grace claims he was denied his right of appeal by the mistake of, or an accident by, a state court deputy clerk, and through no fault of his own.

There is evidently no way now for the Tennessee Supreme Court to consider Mr. Grace's appeal on its merits, because that Court may not look to the bill of exceptions for any purpose. The errors complained of by Mr. Grace in his motion for a new trial were of such character that they could not have been properly presented to the appellate court upon the technical record alone.

In *Coffman*, supra, the Court decided that the proper course to be taken there was for the prisoner to be awarded the maximum relief that he could have obtained if his appeal had been properly perfected and he had been successful in prosecuting it. This was accomplished

by directing that Coffman be accorded a new trial, if the state desired to retry him, and otherwise that he be released from custody. *Ibid.*, at page 349 [7].

It appears that a Tennessee Chancery Court may have the power to grant the same relief to Mr. Grace. " \* \* \* [W]hile a Court of Chancery will, in a proper case, enjoin a judgment at Law, it will not stop there, but will either grant a new trial in the Circuit Court or will itself determine the rights of the parties. \* \* \* " 2 Gibson's Suits in Chancery, supra, 861, § 860. Tennessee jurisprudence, then, apparently offers Mr. Grace relief from his evidently unconstitutional conviction by an injunction against further enforcement of the judgments of the Criminal Court of Washington County, on the bases of which he is now incarcerated, and granting him a new trial in that Court, if the State of Tennessee desires to retry him, or his immediate release.\*

If Mr. Grace has a remaining remedy via the foregoing route in the courts of Tennessee, this Court of limited jurisdiction is not authorized to grant his current application, because he will not have exhausted his state remedies. On the other hand, if, for any reason, the courts of Tennessee cannot, or will not, enforce his federal constitutional rights to a fair trial and to confront and cross-examine a witness against him, this Court then has jurisdiction to grant Mr. Grace the relief he seeks.

Mr. Grace included in his request for the assistance of counsel a further request that this matter be reserved until such counsel has the opportunity to develop the petitioner's case. Accordingly, the Court requests John S. McLellan, Jr., Esq., a member of the bar of this Court, to represent without compensation Mr. Grace, as a person unable to employ counsel. It appearing to the Court at this time that Mr. Grace cannot be deemed to have exhausted a remedy

---

\* Without the inclusion of the testimony from the officers as to the confession of Mr. Grace's alleged accomplice and his im-

plication of Mr. Grace in the armed robbery offense, state authorities may not wish to retry him.

available to him in the courts of Tennessee, because he appears to have the right under the law of Tennessee to raise, by the aforementioned procedure, the questions presented here, his application for the federal writ of habeas corpus hereby is denied, with leave to reinstate such application for relief in this Court upon a proper showing that this Court has jurisdiction.

In the interests of justice, Mr. McLellan may withdraw the entire file in this proceeding from the office of the clerk of this Court for his use in preparation of whatever action may be considered appropriate to obtain relief for this prisoner.

## SUPPLEMENTAL MEMORANDUM OPINION

The former opinion of this Court having raised a question of exhaustion of state remedies which may be novel in Tennessee, the Court has continued research to ascertain whether the theory advanced has support in the decisional law of Tennessee.

According to an opinion of a late Chief Justice of the Tennessee Supreme Court, " * * * every litigant [has] a constitutional right to have his case reviewed in the appellate courts, and relief [will] be awarded such litigant if he was deprived of his right without fault of his own. * * * " State ex rel. Terry v. Yarnell (1928), 156 Tenn. 327, 330, 5 S.W.2d 471, citing Dennis v. State (1917), 137 Tenn. 543, 551, 195 S.W. 162. " * * * Under the principle announced in Dennis v. The State, supra, * * * a bill in equity [will] lie on behalf of petitioner to compel the circuit court to award him a new trial. Such is the relief to which a party deprived of his appeal without fault is held to be entitled * * * ." *Idem.*

The availability of his remedy was reaffirmed afterward, when it was held that after an appeal has been dismissed in the Tennessee Supreme Court, relief can be granted in the Chancery Court, upon a showing by a party that he has been deprived of his appeal through no fault on his part. Moulton v. State (1931), 163 Tenn. 1, 4–5(2), 41 S.W.2d 373, citing, *inter alia,* Abbott v. State (1930), unpublished. More recently, it was stated explicitly: " * * * When the plaintiff in error [the defendant in a criminal case] has been deprived of the right to an appeal without fault upon his part, the remedy is to file a bill in Chancery Court asking that a new trial be awarded. State ex rel. Terry v. Yarnell, 156 Tenn. 327, 329, 5 S.W.2d 471. * * * " Green v. State (1948), 187 Tenn. 545, 548(3), 216 S.W.2d 305, 306.

The foregoing decisional law of Tennessee buttresses this Court's earlier finding and conclusion that Mr. Grace has a right under the law of Tennessee to raise the questions presented and, thus, that he has not exhausted a remedy available to him in the courts of Tennessee.