STATE OF TENNESSEE ex rel. CHARLES W. SPEIGHT,
Commissioner of Highways, Petitioner,

*v.*

MT. CARMEL CENTER, INC., et al., Respondents.

457 S.W.2d 33.

(*Knoxville*, September Term, 1969.)

Opinion filed July 6, 1970.

486

DAVID M. PACK, Attorney General, LURTON GOOD-
PASTURE, JR., Assistant Attorney General, Nashville, and
WINFIELD B. HALE, JR., Rogersville, for petitioner.

N. R. COLEMAN, JR., Greeneville, and TOM H. ROGAN,
Rogersville, for respondents.

MR. CHIEF JUSTICE DYER delivered the opinion of the
Court.

This case comes to this Court by grant of certiorari.
In this opinion, the State of Tennessee ex rel. Charles W.
Speight, Commissioner of Highways, will be referred to
as petitioner, and Mt. Carmel Center, Inc., et al, as
respondents.

The determinative issue now before the Court arises
out of a condemnation suit filed by petitioner against
respondents, to obtain land necessary for the construc-
tion of a public road. The jury, with Judge John R. Todd
presiding, found the value of the land taken to be
$30,000.00, and incidental damages to the remainder to

be $80,000.00. Judgment on the jury verdict was entered February 17, 1968. On March 4, 1968, petitioner filed a motion for a new trial on the grounds (1) there was no evidence to support the verdict of the jury; (2) the verdict was so excessive as to evidence passion, prejudice and an unaccountable caprice on the part of the jury; and (3) the actions of respondents in continuing to attempt to introduce inadmissible evidence denied petitioner a fair trial. On March 5, 1968, Judge Todd overruled this motion for a new trial, and granted petitioner an appeal with the requirement that the bill of exceptions be filed within sixty days. Within a few days after March 5, 1968, Judge Todd suffered an incapacitating illness, precluding him from examining and approving the bill of exceptions, which event resulted in the procedural problems presented by this case.

On April 23, 1968, in view of the inability of Judge Todd to act, Chief Justice Burnett of this Court, pursuant to T.C.A. sec. 17-216, assigned Judge Howard S. Witt to hear and decide cases in Judge Todd's circuit.

On April 29, 1968, petitioner filed his bill of exceptions with the Clerk of the trial court. This bill of exceptions was approved by counsel for both parties and signed by Judge Witt, who noted he was sitting by designation of Chief Justice Burnett. No further action was taken by either party in the trial court and on May 27, 1968, the technical record and the bill of exceptions authenticated by Judge Witt was filed with the Court of Appeals in Knoxville. The last minute entry in the technical record evidences the action of Judge Todd in overruling the motion for a new trial and granting an appeal. There are no minute entries evidencing any action taken in the case by Judge Witt.

In the Court of Appeals, and now in this Court, petitioner assigned error on the ground he has been denied effective appellate review since, through no fault of his own, he has not been able to properly settle his bill of exceptions.

The authentication of a bill of exceptions by the judge who heard the case is a judicial duty which cannot be delegated and a bill of exceptions not so authenticated is a nullity. *Darden v. Williams,* 100 Tenn. 414, 45 S.W. 669 (1898); *Dennis v. State,* 137 Tenn. 543, 195 S.W. 162 (1917); *Allison v. State,* 189 Tenn. 67, 222 S.W.2d 366 (1949). This rule was modified in this State by the enactment of Chapter 21, Public Acts of 1945, the caption of said Act being as follows:

An act to provide for the procedure where a vacancy occurs in the office of Judge during the trial of a cause and before the perfection of an appeal.

Section 3 of Chapter 21, now carried as T.C.A. sec. 17-118, is as follows:

*Be it further enacted,* That whenever such a vacancy arising from death or permanent insanity, evidenced by adjudication, shall occur after disposition of the motion for new trial and appeal prayed and granted, but before the expiration of the time allowed for filing the bill of exceptions, the successor Judge shall have and possess the power to approve the bill of exceptions in such case if, after hearing, he shall find that it fairly states the truth of the case. If such successor Judge be unable to determine the truth of the case as stated in the bill of exceptions, he shall have power to award a new trial to the losing party.

■ It is unfortunate, but under the language of this statute the authority of a successor judge to settle a bill of exceptions is limited to circumstances where a vacancy occurred because of death, or adjudicated insanity. There is nothing in this record to indicate Judge Witt authenticated the bill of exceptions, acting under authority of this statute.

■ Since the bill of exceptions has not been authenticated by the judge shown by the record to have tried the case, nor is it authenticated by a judge having authority to so authenticate it under T.C.A. sec. 17-118, then the bill of exceptions filed in this case is a nullity.

■ We agree the bill of exceptions being a nullity, petitioner can have no effective appellate review upon any or all of the errors alleged in the motion for a new trial. In such case the remedy is in equity.

In *State ex rel. Terry v. Yarnell,* 156 Tenn. 327, 5 S.W.2d 471 (1928), there was a petition for mandamus based upon allegations the petitioner, without fault on his part, had been unable to properly settle his bill of exceptions. The petition sought relief to require the trial judge to sign the bill of exceptions tendered to him, or, in the alternative, to require the trial judge to grant a new trial. The court denied the relief sought but pointed out petitioner did have a remedy in the following language:

In *Dennis v. State,* 137 Tenn. 543, 195 S.W. 162, this court, following a line of authorities cited, held that every litigant had a constitutional right to have his case reviewed in the appellate courts, and relief would be awarded such litigant if he was deprived of such right without fault of his own.

Under the principle announced in *Dennis v. State,* supra, assuming that the facts stated in the petition are true, we are of opinion that a bill of equity would lie on behalf of petitioner to compel the circuit court to award him a new trial. Such is the relief, to which a party deprived of his appeal without fault, is held to be entitled in *Dennis v. State.*

The jurisdiction of a Court of Equity to award a new trial at law, in a proper case, is well settled. Gibson's Suits in Chy.(2d Ed.), sec. 1206, et seq., and cases cited. 156 Tenn. at 330, 5 S.W.2d at 471.

See also *Tenn. Central R. R. v. Tedder,* 170 Tenn. 649, 98 S.W.2d 307 (1936).

For the reasons stated herein the judgment of the trial court is affirmed.

CRESON and HUMPHREYS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.

McCANLESS, JUSTICE, not participating.