**Mary Ellen Leonard HARRISON et al., Petitioners,**

v.

**Arlene (Arlee) Leonard ARNOLD et al., Respondents.**

Supreme Court of Tennessee.

Dec. 5, 1977.

Lodge Evans, Elizabethton, for petitioners.

Lyle Burrow, Ernest B. King, Bristol, for respondents.

## OPINION

HENRY, Chief Justice.

In this action, seeking the partition of real estate by sale, we are called upon to determine (1) the proper method of preserving the testimony taken by a Special Master upon an order of reference and (2) whether a Special Master may supplement the proof by an independent investigation into the condition of a land title.

The Trial Judge, on the basis of the Master's report and without hearing further testimony, confirmed the report, held that plaintiffs (petitioners) had no interest in the real estate, and dismissed the suit. The Court of Appeals sustained a motion to strike the transcript of the proof taken by the Master and the exhibits thereto on the basis of the failure of the Chancellor to authenticate the exhibits and to certify a proper bill of exceptions. The Court of Appeals further held that the Master exceeded the scope of his authority in making the independent examination of the title records and sustained a motion to disallow the Master's fee.

The technical record contains the Master's report on reference, together with twelve unidentified and unauthenticated exhibits. Included among the documents filed upon appellate review is a transcript of the testimony taken by the Master upon oral-examination. This document is signed, but not certified, by the court reporter. It is marked filed by the Clerk and Master but is neither authenticated, certified nor

signed by the Chancellor. It does not purport to be a bill of exceptions.

The technical record, as filed in the Court of Appeals on September 22, 1976, contained a proper certification. The transcript of the oral testimony and the twenty-eight exhibits thereto, comprising two separate volumes, contain no certification or authentication. The Clerk and Master attempted to remedy this by filing on January 13, 1977, a certificate covering not only the original transcript, but also volumes II and III. Irrespective of the date of the certificate it was ineffectual.

In *Elias v. Elias*, 61 Tenn.App. 692, 457 S.W.2d 612 (1969), the transcript of the oral evidence heard by the Master was copied into the transcript without being identified by the Chancellor. The Court held:

> A bill of exceptions was necessary to preserve the testimony heard by the Master and considered by the Trial Judge even though the oral testimony was transcribed in question and answer form and filed with the Clerk along with the depositions. Since the testimony was not identified by the Trial Judge, it cannot be considered by this Court on this appeal. 61 Tenn.App. 698, 457 S.W.2d 615.

■ We hold that the testimony of witnesses taken by the Master pursuant to an order of reference must be signed and certified by him and he must authenticate all exhibits.

As an alternative procedure, the trial judge may, in the absence of other proof, convert the transcript of the testimony before the Master by signing an order directing that the original transcript be sent up as a part of the record and reciting affirmatively that such transcript contains all the evidence considered by the lower court. Such a transcript must be properly authenticated by the trial judge. See *Lindsey v. Fowler*, 516 S.W.2d 88 (Tenn.1974).

■ In the absence of a proper bill of exceptions, there is a conclusive presumption that the lower court's findings and decree were correct. See *Elias, supra.*

■ We, therefore, affirm the judgment of the trial court in this regard, but reverse so much of the judgment of the Court of Appeals as remands this action for trial on the merits. It is the duty of one seeking appellate review to prepare and present an orderly record to include a proper bill of exceptions. The petitioner, not having abided that duty is in no position to complain of the action of the trial court in confirming the Master's report; nor is there any good and sufficient reason for a remand. See *Leath v. Carr*, 22 Tenn.App. 305, 122 S.W.2d 819 (1938).

Having thus resolved the first issue, we do not reach the issue of the action of the Master in conducting an independent investigation except on a pendent basis.

■ The Court of Appeals sustained the motion of the petitioners to disallow the Master's fee. We find no basis for this action. We have read the Master's report on reference and find it to be complete and comprehensive. In the context of this acrimonious family dispute and the complexity of the issues resolved by the Master, we find the compensation allowed him to be reasonable. In fact, without the independent investigation as to the condition of these land titles, his compensation was on the low side. We will not penalize him for making an independent investigation where his reasons for doing so are fully documented, and the necessity was apparent. He extended an open invitation to counsel "to investigate or examine [the exhibits prepared or procured by him], including the examination of the records in the Register of Deeds Office and advise the Court if they disagree with the same or take issue with [his] findings."

Furthermore, counsel did not take issue with the accuracy of the report in this regard, but only with the fact of the investigation.

We will not penalize a special master who made a substantial contribution to the reso-

lution of this controversy by denying him his well-earned compensation on the basis of services extending beyond the dictates of the order of the record and his failure to certify the transcript. In the first instance, counsel had every opportunity to falsify his report; in the second, the failure was of no significance.

We affirm the action of the trial judge in dismissing this action and remand for the enforcement of these directives relating to court costs, including compensation to the Special Master. All costs in all courts are taxed against petitioners.

COOPER, FONES, BROCK and HARBISON, JJ., concur.