## IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT JACKSON

| | | |
|---|---|---|
| **LINDA DIANE STAMPS**, | ) | C. A. NO. 02A01-9512-CH-00279 |
| | ) | Henry County Chancery Court |
| | ) | No. 14904 |
| Plaintiff/Appellee. | ) | |
| | ) | HON. WALTON WEST, |
| | ) | CHANCELLOR |
| VS. | ) | |
| | ) | |
| **STEPHEN RAY STAMPS,** | ) | **AFFIRMED** |
| | ) | |
| Defendant/Appellant. | ) | OPINION FILED: |
| | ) | |

**FILED**

**October 3, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**STEPHEN RAY STAMPS**, Pro Se.

_____

### MEMORANDUM OPINION[1]
_____


**FARMER, J.**


Stephen Ray Stamps appeals the judgment of the trial court dismissing his "Petition for Visitation Rights" for lack of jurisdiction. The parties were divorced in the court below and Linda Diane Stamps was awarded custody of the parties minor daughter. Mr. Stamps was incarcerated at that time.


The petition for visitation rights recites that Mr. Stamps is presently incarcerated and asks that his daughter be brought to his place of incarceration at least once every six months and that his father, who resides in Midland, Texas, be awarded visitation with the child for two weeks every year.


The trial court's judgment dismissing the petition recites that the plaintiff, Ms. Stamps, testified at the hearing and further recites that

---

[1]**Rule 10 (Court of Appeals). Memorandum Opinion.** -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

1

The Court further finds that the plaintiff and the parties' minor child, Gennifer Lynn Stamps, have resided outside the State of Tennessee for approximately two years, that they continue to reside outside of Tennessee, that Tennessee is no longer the "home state" of the parties' minor child, Jennifer Lynn Stamps, and that this Court no longer has jurisdiction to entertain the defendant's initial "Petition for Visitation Rights".

"Home state" is defined in T.C.A. § 36-6-202 as follows:

(5) "Home state" means the state in which the child immediately preceding the time involved lived with such child's parents, a parent or a person acting as parent for at least six (6) consecutive months, and in the case of a child less than six (6) months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six (6) months or other period;

The record before us consists only of what is generally referred to as the technical record and Appellant's brief. The trial court determined from the evidence presented before it that mother and child have resided outside the State of Tennessee for approximately two years. Our review is *de novo* on the record with a presumption that the trial court's findings of fact are correct unless the evidence preponderates otherwise. Rule 13(d) T.R.A.P. However, in the absence of a transcript or statement of the evidence, it is conclusively presumed that the lower court's findings and decree were correct. It is the duty of the party seeking appellate review to prepare and present the record to be reviewed. *Harrison v. Arnold*, 558 S.W.2d 831 (Tenn. 1977). The chancellor's finding that mother and child have resided outside the State of Tennessee for approximately two years is a factual determination. Therefore, the judgment entered below dismissing the petition for lack of jurisdiction is affirmed.

Appellant presents as an additional issue "[w]hether the trial court should have notified Mr. Stamps of Mrs. Stamps' address so that he could file motion in court that did have jurisdiction?". We do not view that as the responsibility of the trial court. The record in this matter is a public record and Mr. Stamps would be entitled to any information along these lines contained therein. We note that the judgment of divorce recites that Plaintiff, Mrs. Stamps, be ordered to keep

2

her then attorney, Barton F. Robison, apprised of her current address.  The record indicates that Mr. Robison was no longer representing her at the time of the hearing which resulted in this appeal.

The judgment of the trial court is affirmed and costs of this cause are taxed to Stephen Ray Stamps, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
LILLARD, J. (Concurs)