# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### January 26, 2001 Session

## LULA FAYE MOODY, ET VIR v. GENERAL MOTORS CORPORATION, ET AL.

### Direct Appeal from the Circuit Court for Decatur County
### No. 2349 and 2457    C. Creed McGinley, Judge

---

### No. W2000-01658-COA-R3-CV - Filed February 26, 2001

---

Plaintiffs sued General Motors Corporation and Townsend Chevrolet-Buick-Pontiac, Inc. as a result of injuries sustained by Ms. Moody as a result of a single car accident. In a separate complaint they sued Townsend alleging that it had sold them a purportedly new vehicle when in fact the odometer had been rolled back. The cases were consolidated for trial and the accident case resulted in a jury verdict in favor of the defendants. The case involving the odometer was dismissed by the trial court. Appellants failed to present this court with either a transcript or a statement of the evidence. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Lula Faye Moody, *Pro se*.
William Earl Moody, *Pro se*.

Louis F. Allen and William F. Burns, Memphis, Tennessee, for the appellee, Townsend Chevrolet-Buick-Pontiac, Inc.

### MEMORANDUM OPINION[1]

---

[1]**Rule 10 (Court of Appeals).** **Memorandum Opinion**. – (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

Lula Faye Moody and William Moody filed a ***pro se*** complaint wherein they sued General Motors Corporation and Townsend Chevrolet-Buick-Pontiac, Inc. bearing docket number 2349 in the trial court. The complaint alleges that Ms. Moody was injured as a result of a single car accident on October 31, 1996 and sought recovery for her injuries, medical expenses, pain and suffering and Mr. Moody's loss of consortium. The complaint further alleges that the vehicle which Ms. Moody was driving at the time of the accident, a 1992 Pontiac Transport, was manufactured by defendant General Motors and purchased from Townsend. It further alleged that the vehicle had been taken to the defendant Townsend for extensive repair and alleges negligence and breach of warranty on the part of the defendants.

Subsequent to the filing of that complaint, the Moodys employed counsel and a second complaint was filed against Townsend Chevrolet-Buick-Pontiac, Inc. alleging that the 1992 Pontiac Transport purchased from Townsend had been sold to the Moodys as a new vehicle when it was not and that the odometer had been rolled back. It is alleged that the Defendant illegally altered the odometer reading and willfully and fraudulently failed to disclose this to the Plaintiffs. It is alleged that the Defendants violated the Tennessee Consumer Protection Act as set forth in T.C.A. § 47-18-104 and sought to recover damages and attorney's fees.

The two cases were consolidated for trial before a jury. However, the trial court entered an order of dismissal in cause number 2457 wherein it is stated that "as a matter of law the Plaintiffs failed to carry their burden of proof for all causes of action set forth in their Complaint in Cause No. 2457"and the cause was dismissed with prejudice.

Cause number 2349 was submitted to the jury and a judgment on jury verdict was entered wherein the jury found that the Defendant Townsend was 20% at fault for the accident and that the Plaintiffs were 80% at fault. Accordingly, judgment was entered in favor of the Defendant.

Plaintiffs filed a motion for new trial in cause number 2457 on the basis that their expert witness, Mr. Charles Bradley, was not allowed to testify. Plaintiffs also filed a document entitled "Tampering with a Juror" which the trial court treated as a motion for new trial. This document states as follows:

> It is my opinion that we have a conflict of interest in case DK #2457 in that the judge had a one-on-one conversation with a juror while the complete jury was in the jury box. The judge had a personal conversation with this juror while the other jurors were in the jury box. The owners of Townsend Motor Company have brothers and uncles that are attorneys and practice before this court. Therefore, the fact that this juror and the judge are friends could have caused other jury members to rule as this particular juror ruled. I believe we have a conflict of interest between the judge, the juror, and the Townsends. The Townsends are well known in this area in banking, in car dealerships, and in law firms.

This one-on-one conversation had nothing to do with my case, DK # 2457. There could also be a cloud over DK #2349.

The motions for new trial were denied and the Plaintiffs appealed to this court. In cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial unless specifically stated in a motion for new trial. Rule 3(e) Tenn. R. App. P. In reviewing the motions for new trial, we perceive the issues to be whether the trial court erred in excluding the testimony of the expert witness called by Plaintiffs and whether the trial court committed reversible error by having a one-on-one conversation with a juror while the complete jury was in the jury box.

With respect to the first issue, this court is a court of review and it is our duty to review the record from the trial court to determine whether or not error has been committed. We are hampered in this appeal by the absence of either a transcript of the proceedings in the trial court or a statement of the evidence prepared in accordance with Rule 24(c) Tenn. R. App. P.[2] This burden falls squarely upon the appellant. *See Harrison v. Arnold*, 558 S.W.2d 831, 833 (Tenn. 1977). In the absence of a record, we are unable to determine whether the trial court erred in not permitting the witness to testify and we find this issue to be without merit. We likewise find the second issue to be without merit and do not feel it merits further discussion.

We recognize that Mr. and Mrs. Moody proceeded *pro se* in this court. Parties who choose to represent themselves are entitled to fair and equal treatment. However, they are not excused from complying with applicable substantive and procedural law and must follow the same procedural and substantive law as the represented party. *See Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988).

Costs of this appeal are taxed to the appellants, Lula Faye Moody and William Moody, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[2]The record before this court does contain a transcript of the arguments before the trial court on the motions for new trial.